35962. YAWN *v.* THE STATE.

CARLISLE, J. 1. Breaking and entering are essential elements of the offense of burglary; and, where the State relies on circumstantial evidence alone to show such breaking and entering such evidence must be sufficient to exclude every other reasonable hypothesis save that of the guilt of the accused (*Gentry* v. *State*, 83 *Ga. App.* 330, 63 S. E. 2d 611; *Mosley* v. *State*, 49 *Ga. App.* 147, 174 S. E. 543; *Slappey* v. *State*, 50 *Ga. App.* 17, 176 S. E. 908); and, where, upon the trial of one charged in an indictment in two counts with burglarizing a named place of business on two named dates from which he stole certain enumerated items of personal property, it appears from the evidence that the defendant was found in possession of certain of the items alleged to have been stolen shortly after the alleged time of the alleged burglaries, and there was positive evidence that the defendant was seen entering the named place of business on the night of one of the two named dates and seen removing certain of the enumerated items of property, but there is no evidence of any breaking or any evidence that the door through which he was seen to pass was closed at the time or had been either closed or locked at the close of business for that date, and there was some evidence that on other occasions doors to the named place of business had been found open after the close of business for the day, the evidence authorizes a conviction for larceny but will not authorize a conviction for burglary.

2. Recently stolen property found in the possession of one accused of burglary and which is identified as having been stored in the place of business alleged to have been burglarized may be introduced in evidence, although the articles thus introduced are not included in those enumerated in the indictment. Such articles may furnish corroborative evidence in aid of other evidence indicating the commission of a crime; and the

fact that such articles disappeared along with the other articles enumerated in the indictment would furnish strong presumptive proof of the commission of the burglary, a crime where it is not essential to prove more than that the breaking, if a breaking be shown, was with intent to steal. *Scott* v. *State,* 14 *Ga. App.* 806 (82 S. E. 376). However, evidence tending to show a larceny by the defendant of other articles than those described in the indictment would not be admissible against him unless the evidence showed also that the other articles were in the named place of business when the burglary was committed and were then stolen therefrom, or that their larceny was in some way connected with the burglary and the taking of the property described in the indictment. *Hawkins* v. *State,* 6 *Ga. App.* 109 (64 S. E. 289).

3. Evidence that various articles found in the possession of the defendant had been stolen from other places of business in the city in no way connects the defendant with the commission of the burglaries charged in the indictment and was inadmissible. *Bacon* v. *State,* 209 *Ga.* 261 (71 S. E. 2d 615).

4. Since the case must be remanded for another trial the remaining assignments of error concerned with the court's charge which are not likely to recur on another trial are not now considered.

5. The trial court erred in denying the motion for new trial for the reasons stated.

*Judgment reversed. Gardner, P. J., and Townsend, J., concur.*

DECIDED JANUARY 25, 1956.

*J. Ellis Pope, Jackson & Graham,* for plaintiff in error.
*W. H. Lanier, Solicitor-General,* contra.

