## 55434. HAMPTON v. THE STATE.

QUILLIAN, Presiding Judge.

The defendant appeals his conviction for burglary. *Held:*

The victim of the burglary testified that he heard, via intercom, noise emanating from a building which he used as an automobile garage. Upon investigation he saw two intruders (defendant was identified as one) trying to break down the door. He shot one of the intruders and

attempted to detain the defendant who fled. He testified that a window adjacent to the door had been broken.

The witness stated conjecturally: "They knocked the glass out, tried to reach in there and get the handle to open it." However, on cross examination he admitted that he did not actually see anyone break the window and only saw "them at the back door trying to tear it open." The only physical evidence was the broken window and damage to the door.

Under our statute "a person commits burglary when, without authority and with the intent to commit a felony or theft therein, he enters or remains within the dwelling house of another or any building, vehicle, railroad car, watercraft, or other such structure designed for use as the dwelling of another, or enters or remains within any other building or any room or any part thereof." The Criminal Code of Georgia § 26-1601 (Ga. L. 1968, pp. 1249, 1287; Code Ann. § 26-1601). Formerly, burglary required breaking and entering. 1933 Code § 26-2401. See *Yawn v. State,* 93 Ga. App. 236 (91 SE2d 312).

While the evidence in this case would establish a breaking, entry as is now solely required was not shown. See 13 AmJur2d 326, Burglary, § 10; 12 CJS 673, Burglary, § 10. Hence, while the evidence would have sustained a conviction of a criminal attempt to commit burglary (see the Criminal Code of Georgia § 26-1001; Ga. L. 1968, pp. 1249, 1274 (Code Ann. § 26-1001)), it did not authorize a finding of guilty for burglary.

The remaining enumerations of error are without merit.

*Judgment reversed. Webb and McMurray, JJ., concur.*

SUBMITTED MARCH 6, 1978 — DECIDED APRIL 10, 1978.

*Robert M. Coker,* for appellant.

*Lewis R. Slaton, District Attorney, Joseph J. Drolet, Russell Parker, Donald J. Stein, Assistant District Attorneys,* for appellee.