## 61162. ARNOLD v. THE STATE.

QUILLIAN, Chief Judge.
Defendant appeals his conviction for burglary. *Held:*

1. The trial court erred in failing to charge on mistake of fact, Code Ann. § 26-705 (Ga. L. 1968, pp. 1249, 1270; 1969, pp. 857, 859). In response to state's evidence tending to show that defendant entered a store and a business office in the rear thereof with intent to commit a robbery or theft therein, defendant testified that he entered the rear of the store and opened the door to the business office because he wanted to relieve himself and thought the door led to a restroom. This evidence was defendant's sole defense and was sufficient to require a charge of the defense of mistake of fact. Defendant did not request the charge, nor object to its omission from the charge, but did reserve the right to object to any of the charges at the appropriate time.

"[Mistake of fact] was the defendant's sole defense and excuse. Hence, the failure to give a charge on the subject, even without request, was error. [Cits.]" *Henderson v. State,* 141 Ga. App. 430 (4) (233 SE2d 505). Accord, *High v. State,* 153 Ga. App. 729 (4) (266 SE2d 364); *Bowers v. State,* 153 Ga. App. 894 (2) (267 SE2d 309).

"Appellant's failure to object to the court's omission to charge

here raises against him neither the principle of induced error nor that of waiver. Compare *White v. State,* 243 Ga. 250 (253 SE2d 694) (1979), which overruled *Sims v. State,* 234 Ga. 177 (214 SE2d 902) (1975) and which held that the defendant waived the objection to the charge by failing to respond appropriately to the trial court's post-charge attempt to elicit objections . . . the instant case involves the trial court's failure to give instructions central to a proper resolution of the issue of appellant's guilt. The general rule applies here, that 'a defendant in a criminal case may appeal and enumerate error on an erroneous charge or an erroneous failure to charge without first raising the issue in the trial court.' *White,* p. 250 supra." *Nelms v. State,* 150 Ga. App. 720, 721 (258 SE2d 531), cert. denied, 244 Ga. 825.

2. Defendant enumerates that the trial court erred in overruling his demurrer to the indictment, contending that it alleged that the defendant entered the store "with intent to commit a felony or theft therein," without specifying the felony intended. Although there may have been merit in the contention, see *Ealey v. State,* 136 Ga. App. 292 (221 SE2d 50), there is no merit in the enumeration as we find the demurrer was insufficient because it did not clearly point out what the defect was. *Jones v. State,* 115 Ga. 814 (3) (42 SE 271); *Boatwright v. State,* 26 Ga. App. 67 (105 SE 381).

3. The remaining enumerations are either mooted by the foregoing findings, are not meritorious, or are not likely to recur at a retrial.

*Judgment reversed. McMurray, P. J., and Pope, J., concur.*

DECIDED FEBRUARY 3, 1981 —
REHEARING DENIED MARCH 2, 1981 — 

*Ralph M. Walke,* for appellant.
*Beverly B. Hayes, District Attorney, H. Jeff Lanier, Assistant District Attorney,* for appellee.