## 65445. ALEXANDER v. THE STATE.

SHULMAN, Chief Judge.

Appellant was convicted of burglary, possession of tools for the commission of a crime, and possession of a firearm by a convicted felon. In his enumerations of error, appellant questions the sufficiency of the evidence, the denial of his motion to suppress, and the admission of certain articles of evidence. We affirm.

1. The state presented evidence that appellant's fingerprints were found in a motel room, the door of which had been forced open without the permission of the motel authorities and within which the television was unplugged and wrapped in a bedspread. When appellant was arrested, a thin screwdriver which could be used to circumvent a locking mechanism was removed from his back pocket. Finally, a rifle was found on the front floorboard of appellant's car, and the parties stipulated that appellant had previously been convicted of a felony in the Superior Court of DeKalb County. The above-recited evidence was sufficient to convince a rational trier of fact of the existence of the essential elements of the crimes charged. Jackson v. Virginia, 443 U. S. 307 (99 SC 2781, 61 LE2d 560); OCGA §§ 16-7-1 (a); 16-7-20 (a); 16-11-131 (b). (Code Ann. §§ 26-1601; 26-1602; 26-2914).

2. Appellant's motion to suppress was based on the premise that he was illegally arrested. After reviewing the transcript of the hearing held on the motion to suppress, we must disagree with appellant's assertion.

The arresting police officer testified that he was patrolling the motel in question at 1:15 a.m. on January 22, 1982, because of numerous burglaries which had occurred there. While driving

through the parking area, the officer espied appellant on the walkway of the motel's upper level. Knowing that the motel generally rented the upper level rooms only after the lower level had been filled, and knowing that few guests were staying at the motel that night, the officer decided to look into the situation. He turned his vehicle around to reconnoiter, and appellant, now in a car, drove by him. The officer followed appellant and saw him alight from his car and speak with the motel's night clerk. The officer then approached appellant and asked him if he was a motel guest. Appellant answered that he was registered and staying in Room 212, but he was unable to produce a motel receipt. The night clerk stated that Room 212 had not been rented, and when the officer apprised appellant of this news, appellant stated he was to meet a friend who was to stay in Room 212. The motel clerk stated to the officer that no registrant had been assigned Room 212 and no reservation had been made for the room. Appellant then produced a Georgia driver's license in response to the officer's query for identification and agreed to sit in the patrol car while the incident was investigated further. The motel manager was called to the scene and, after checking several rooms, he reported to the officer that the door to Room 243, a room close to the place where the officer had first seen appellant, had been pried open. Appellant was then formally placed under arrest and advised of his Miranda rights. The officer testified that 10 to 15 minutes passed from the time appellant was placed in the patrol car until he was formally arrested.

It has been said that United States " 'Supreme Court holdings sculpt out, at least theoretically, three tiers of police-citizen encounters: (1) communication between police and citizens involving no coercion or detention and therefore without the compass of the Fourth Amendment, (2) brief "seizures" that must be supported by reasonable suspicion, and (3) full-scale arrests that must be supported by probable cause. [Cits.]' " *McAdoo v. State,* 164 Ga. App. 23, 26 (295 SE2d 114). It appears that the case before us contains an example of each of the aforementioned types of police-citizen conduct.

The conversation between the officer and appellant regarding the latter's status as a motel guest falls into the first category of encounter inasmuch as there was no coercion or detention which in some way restrained the liberty of appellant. See Terry v. Ohio, 392 U. S. 1, 20 (fn. 17) (88 SC 1868, 20 LE2d 889). "As long as the person to whom questions are put remains free to disregard the questions and walk away, there has been no intrusion upon that person's liberty or privacy as would under the Constitution require some particularized and objective justification." United States v. Mendenhall, 446 U. S.

544, 554 (100 SC 1870, 64 LE2d 497).

When the police officer took possession of the appellant's driver's license and suggested that appellant sit in the backseat of the patrol car (from which appellant could not alight without outside assistance), appellant was effectively "seized," and the protection of the Fourth Amendment came into play. Terry v. Ohio, supra. However, "[t]he Fourth Amendment does not require a policeman who lacks the precise level of information necessary for probable cause to arrest to simply shrug his shoulders and allow a crime to occur or a criminal to escape. On the contrary, Terry recognizes that it may be the essence of good police work to adopt an intermediate response. [Cit.] A brief stop of a suspicious individual, in order to determine his identity or to maintain the status quo momentarily while obtaining more information, may be most reasonable in light of the facts known to the officer at the time. [Cits.]" Adams v. Williams, 407 U. S. 143, 145 (92 SC 1921, 32 LE2d 612). When the officer took appellant's driver's license and had appellant sit in the patrol car, the officer had observed appellant in a place where the officer knew it was unlikely a motel guest would be, and the officer had heard appellant speak a series of mistruths while he attempted to explain his late-night presence at the motel. These facts constituted a "reasonable suspicion" to justify detaining appellant briefly in order to "investigate the circumstances that provoke[d] suspicion." United States v. Brignoni-Ponce, 422 U. S. 873, 881 (95 SC 2574, 45 LE2d 607). The detention of 10 to 15 minutes is not of such a duration as to say that "it tortures the English language to say it was a 'brief' stop or ' momentary detention.' " Compare Radowick v. State, 145 Ga. App. 231, 239 (244 SE2d 346).

Finally, we reach the stage where the brief investigatory detention was replaced by a full-scale arrest supported by probable cause. At that point, in addition to his reasonable suspicion, the officer was armed with the knowledge that a room near where he had first seen appellant had been broken into and a television set prepared for asportation. He then had probable cause to arrest appellant on a burglary charge. We conclude that the officer's handling of the situation was within the scope of the Fourth Amendment, and evidence subsequently obtained (fingerprints and the screwdriver) was legally obtained.

3. Lastly, appellant complains that three tools identified by the motel manager as having been found in the motel's upper level walkway near that burgled room were admitted into evidence although they allegedly were never connected to appellant. We hold that there was sufficient circumstantial evidence to connect appellant with the tools and conclude that the trial court properly

overruled defense objections to their admission. See *Delvers v. State,* 139 Ga. App. 119 (5) (227 SE2d 844).

*Judgment affirmed. McMurray, P. J., and Birdsong, J., concur.*

DECIDED APRIL 7, 1983.

C. Gregory Culverhouse, for appellant.

Darrell E. Wilson, District Attorney, Mickey R. Thacker, C. Stephen Cox, Assistant District Attorneys, for appellee.