## 66307. BURNETTE v. THE STATE.

SOGNIER, Judge.

Appellant was convicted of burglary and possession of burglary tools. On appeal he contends that the trial court erred (1) by denying his motion to suppress evidence; (2) by denying his motion for a directed verdict of acquittal of the offense of possession of burglary tools; and (3) by allowing the state, over objection, to present evidence of independent offenses allegedly committed by appellant.

The evidence discloses that Norman York was taking care of the unoccupied home of Matie Maynard in Lamar County, Georgia, while she was in a nursing home. On February 16, 1982 York was getting compost at the chicken house behind the Maynard residence and heard a car door close. Shortly thereafter he drove to the front of the house and observed appellant run around from the back of the house toward a small blue pickup truck, parked in front of the house. Appellant told York he was "Jerry Burnette's boy," and asked where the Pharr residence was located. After directing appellant to the Pharr residence, York returned to his home across the road and called the sheriff's office to report a possible burglary of the Maynard home. When Deputy Sheriff Torbert arrived he and York discovered the latch on the front screen door pulled loose; a window and door on the rear porch were open; and a trunk which was always kept inside the house was on the rear porch. Torbert obtained an arrest warrant for appellant and broadcast a lookout to surrounding counties.

Appellant was arrested a short time later as he drove into his residence in Coweta County. Appellant and his truck were returned to Lamar County and several items on the truck were identified as belonging to Matie Maynard.

1. Appellant contends it was error to deny his motion to suppress evidence found in his truck because the arrest warrant was not based on probable cause. Appellant argues that since his arrest was illegal all evidence obtained as a result thereof is tainted and inadmissible.

Appellant was arrested pursuant to a warrant obtained by Torbert after he responded to York's call reporting a possible burglary at the Maynard home. At the time Torbert obtained the warrant he had examined the house and observed a screen door pulled loose from its latch; a window and door on the back porch were open; a trunk which belonged in the house was sitting on the back porch; Torbert had been informed by York that he heard a door close at the Maynard house and when he went to investigate he saw "Jerry Burnette's boy" (appellant) run from the back of the house toward a small blue pickup truck parked in front of the house; and Torbert knew that appellant drove a small blue pickup truck, possibly a Toyota.

We believe such information is sufficient to constitute probable cause for issuance of the arrest warrant. Generally, probable cause exists where the facts and circumstances would warrant a man of reasonable caution to believe that a criminal offense has been or is being committed. *Fenning v. State,* 136 Ga. App. 569, 571 (222 SE2d 122) (1975). We believe that the facts and circumstances known to Torbert would cause a reasonable man to believe that a burglary had been committed. Further, in a motion to suppress hearing the judge sits as the trier of fact, *State v. Betsill,* 144 Ga. App. 267, 268 (2) (240 SE2d 781) (1977), and his decision on questions of fact and credibility of witnesses must be accepted unless clearly erroneous. *Pittman v. State,* 162 Ga. App. 51, 52 (2) (289 SE2d 531) (1982). The trial judge made written findings of fact and conclusions of law in denying the motion to suppress, and we find nothing clearly erroneous in such findings and conclusions based on the evidence presented at the hearing.

2. Appellant contends it was error to deny his motion for a directed verdict of acquittal of possession of burglary tools because the state did not show that he possessed the tools in Lamar County. He also argues that there was no showing that the tools found in his truck could be, or usually were, used to commit burglary, and no evidence to show that he possessed such tools with intent to use them in a burglary.

a. As to the issue of venue, appellant testified that the tools were in his truck when he was at the Maynard residence in Lamar County on the date of the burglary. Under the ruling in *Bethay v. State,* 235 Ga. 371, 374-375 (219 SE2d 743) (1975) on appeal of the denial of a motion for a directed verdict of acquittal made at the close of the state's case in chief, the reviewing court can consider *all* evidence in the case. Since appellant admitted he had the tools in Lamar County, there was no issue as to venue.

b. In regard to the question of whether there was a showing that the tools could be, or usually were, used to commit burglary and that appellant possessed the tools with intent to use them in a burglary, a hammer, a pair of pliers, some screwdrivers, a hatchet and a chisel were found in appellant's truck. OCGA § 16-7-20 (Code Ann. § 26-1602) provides, in pertinent part: "A person commits the offense of possession of tools for the commission of crime when he has in his possession any tool ... commonly used in the commission of burglary ... with the intent to make use thereof in the commission of a crime."

Deputy Sheriff Torbert testified that the items found in appellant's truck were common household tools. In fact, Torbert carried a hammer, pliers and screwdrivers in his car, and also owned some chisels. While it is true that such items *could* be used in the commission of a burglary, we are not prepared to hold that such tools are "commonly used in the commission of burglary," as required by § 16-7-20 (a) (Code Ann. § 26-1602). Even assuming for the sake of argument that such tools are commonly used to commit burglaries, there is no evidence in the instant case to show that appellant possessed such tools with the intent to use them in the commission of a crime. The tools were rusty and there was no indication they had been used recently. Further, there were no pry marks or gouges on the window or doors of the Maynard house to indicate there had been a forcible entry; in fact, the sill of the window found open was covered with dust which was undisturbed. Thus, we find that the state failed to present evidence showing that appellant possessed tools commonly used to commit burglary with the intent to use such tools in the commission of a crime. Accordingly, it was error to deny appellant's motion for a directed verdict of acquittal of the offense of possession of burglary tools. "[W]hen there is no conflict in the evidence and it clearly demands a verdict of acquittal as a matter of law there is a *duty* upon the trial judge to grant a motion for a directed verdict of acquittal and his failure to do so will constitute reversible error on appeal." *Merino v. State,* 230 Ga. 604, 605 (1) (198 SE2d 311) (1973); *Bethay,* supra, at 373-374.

3. The state was allowed to present testimony, over objection,

that the Steinheimer home in Fayette County had been burglarized. Two items taken from that home were found in appellant's pickup truck at the time of his arrest. Appellant contends it was error to admit such testimony because there was no showing as to when the Steinheimer burglary occurred, and there was nothing to connect appellant with that burglary. He argues that the evidence did not meet the requirements for admissibility of evidence of independent crimes.

In *French v. State,* 237 Ga. 620, 621 (3) (229 SE2d 410) (1976), our Supreme Court held: "Before evidence of independent crimes is admissible two conditions must be satisfied. First, there must be evidence that the defendant was in fact the perpetrator of the independent crime. Second, there must be sufficient similarity or connection between the independent crime and the offense charged, that proof of the former tends to prove the latter. [Cits.] The importance of the first condition has long been recognized by this court: 'In order to justify the admission of evidence relating to an independent crime committed by the accused, *it is absolutely essential that there should be evidence establishing the fact that the independent crime was committed by the accused . . .' Cawthon v. State,* 119 Ga. 395, 409 (46 SE 897) (1904)."

In the instant case one of Mrs. Steinheimer's daughters testified that she had last seen the two items found on appellant's truck when she visited her mother's house in July 1981, and learned of their absence during her next visit in February 1982. Another daughter testified that she was in her mother's house on December 26, 1981 and the two items found in appellant's truck (on February 16, 1982) were not there at that time. Although the witnesses did not know when the two items were taken, the items were found in appellant's truck. The rule in Georgia is that "recent unexplained possession of stolen property permits the jury to infer that the accused committed the [burglary.]" *Byrd v. Hopper,* 234 Ga. 248, 250 (215 SE2d 251) (1975). Although appellant testified that he purchased the items from Ella Boykin, it was a question for the jury whether appellant's explanation of his possession of the property was satisfactory. *Peacock v. State,* 131 Ga. App. 651 (206 SE2d 582) (1974); *Allen v. State,* 146 Ga. App. 815, 816 (1) (247 SE2d 540) (1978). Accordingly, this enumeration is without merit.

*Judgment affirmed as to burglary. Judgment reversed as to possession of burglary tools. Quillian, P. J., and Pope, J., concur.*

DECIDED OCTOBER 24, 1983.

*Lynn W. Wilson,* for appellant.

*E. Byron Smith, District Attorney, Donald J. Coffey, Assistant District Attorney,* for appellee.