### 71410. MULLINNIX v. THE STATE.
(338 SE2d 752)

BIRDSONG, Presiding Judge.

Jeffrey Joe Mullinnix appeals his burglary conviction on grounds that the evidence was insufficient to show an "entry" by Mullinnix. See OCGA § 16-7-1. The evidence showed the back door of the subject food market was protected by a silent alarm device which consisted of a string or wire "trip" inside the door attached loosely across the door to the alarm, so that if the door was pushed or moved within one-half inch, the trip wire would pull and set off the alarm. When the police arrived within less than five minutes of the alarm, they found Mullinnix hiding behind a water heater in the alley outside the door. He carried burglary tools and in his pocket was a string which the store owner identified as the trip string. The evidence tended to

show he could not have removed the string without inserting an instrument or other probing object in an open door knob hole, which had no door knob because the door was locked by deadbolt. The state thus contended that Mullinnix "broke the plane of the structure" and thereby made entry. We agree.

The current Georgia law on burglary does not require a breaking, but requires proof of entry (Acts 1968, pp. 1249, 1287; 1977, p. 895 eff. July 1, 1977). We think the requirement of "breaking" was done away with as much to obvert the curious circumstance where a man hiding in one's house under the bed might be called merely "highly reprehensible" but not a crime because there was no evidence of breaking (*Mosley v. State*, 49 Ga. App. 147 (174 SE 543)), as to protect a mere breaker from undue punishment, as the legislative committee notes suggest. The question is: does insertion of an instrument through a hole in the door and removal with the instrument or hand of an alarm string constitute "entry?" Some older opinions illuminate this issue, although they were written when proof of breaking was required.

In *Kent v. State*, 84 Ga. 438, 439 (11 SE 355), the evidence was that the burglar turned the knob on the door, thereby drawing the bolt that held it closed; he was later found with items from the store. The court said: "We think a bolt ought to be considered as something relied on as a security against intrusion . . . and that the turning of a bolt should be considered as a breaking by violating the security designed to exclude . . . where a thief enters at such an hour for the sole purpose of committing a larceny. . . . [A]n entry by turning a bolt, not made for the purpose of lawful business, nor within business hours, is an entry by breaking." There, the act was described not as mere breaking, which is no longer required to be shown in this state, but as "entry by breaking." That the act in this case sub judice constitutes breaking we have no doubt, though this is not required to be shown, but it constitutes entry as well. The door knob hole was entered by the appellant with a device as surely as if he had stuck his hand in a window with intent to steal, or hoisted his upper half in a window and was caught with his legs hanging out. See *Cooper v. State*, 69 Ga. 761. Particularly with the wide use of security systems, less may be necessary to prove an entry, and the evil is certainly as great. Where as here a defendant "breaks the plane" of the structure by removing an alarm device with an instrument stuck in the door, with intent to steal, he has done at least as much as the defendant in *Kent*, supra, who broke into the house by merely turning the knob, and the difference between him and the man who hoisted his upper half in a window to enter the house is a difference only in degree and not in kind. See *Mears v. State*, 98 Ga. App. 576 (2) (106 SE2d 854).

The evidence was sufficient to permit a reasonable trier of fact to rationally find proof of entry with intent to commit a theft, beyond a

reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560); *Turner v. State*, 151 Ga. App. 169, 170 (259 SE2d 171).
*Judgment affirmed. Carley and Sognier, JJ., concur.*

DECIDED DECEMBER 3, 1985.

*Arthur L. Walker*, for appellant.
*Joseph H. Briley*, District Attorney, *Fredric D. Bright*, Assistant *District Attorney*, for appellee.