71486. BLACKMAN v. THE STATE.
(342 SE2d 24)

BENHAM, Judge.
Appellant was tried by a jury and convicted of aggravated battery. He appeals from this judgment, claiming insufficiency of the evidence and error in charging the jury on flight.

The victim, Copeland, was sitting on the front porch of his home when appellant and two other men approached him. Copeland claimed to have seen appellant before; the other two were unknown to him. Both Copeland and appellant had been drinking. According to Copeland, appellant requested a glass of water and Copeland went into his house and returned with the water. Then, without any provocation on his part, Copeland was tackled by appellant, thrown to the ground and severely beaten about the head with a baseball bat. As a result, he lost one eye and the hearing in one ear. The police were called, and the victim was able to relate appellant's name and place of residence. Appellant was picked up and brought to the hospital emergency room, where Copeland positively identified him as the perpetrator. After having been advised of his *Miranda* rights, appellant denied hitting Copeland but shortly thereafter changed his story and admitted beating him with the baseball bat. Appellant did not claim at that time that he acted in self-defense.

Appellant testified as to his version of the events. He claimed to have given Copeland $20 with which to purchase gin. When Copeland would not refund the change, appellant refused to leave. At this point, the other two men anticipated trouble and left. Copeland then hit appellant on the shoulder with the bat and broke it in half. A fight ensued and appellant hit Copeland in the face with the broken bat.

Copeland then returned appellant's money, and appellant left the scene for the Valley Rescue Mission, where he was arrested shortly thereafter.

Appellant moved for a new trial claiming that the verdict was contrary to the evidence and the principles of justice. The denial of that motion is enumerated as error.

1. "A person commits the offense of aggravated battery when he maliciously causes bodily harm to another by depriving him of a member of his body, by rendering a member of his body useless, or by seriously disfiguring his body or a member thereof." OCGA § 16-5-24 (a). The loss of use of an eye constitutes the rendering of "a member of his body useless" within the meaning of the statute, and the testimony of the victim as to the loss of an eye is sufficient to support the verdict. *Mitchell v. State*, 238 Ga. 167, 168 (231 SE2d 773) (1977).

The victim testified that appellant was the aggressor and had perpetrated the crime. Appellant's testimony conflicted with Copeland's. It is the function of the jury to determine the credibility of witnesses and to weigh and resolve any conflicts in the testimony. This court must view the evidence in a light most favorable to the jury's verdict. *King v. State*, 157 Ga. App. 733, 734 (278 SE2d 491) (1981). Viewing the evidence in that light, we are satisfied that any rational trier of fact could have found appellant guilty beyond a reasonable doubt. *Drayton v. State*, 167 Ga. App. 477 (306 SE2d 731) (1983); *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979). Accordingly, the evidence was sufficient to support this conviction.

2. Appellant cites as error a jury charge relating to flight, claiming that flight was not an issue at trial. When the defendant departs the scene immediately after the incident, it is not error to charge "flight," for it is the jury that must determine whether his sudden departure was due to consciousness of guilt or other reasons. *Goodrum v. State*, 158 Ga. App. 602 (5) (281 SE2d 254) (1981).

*Judgment affirmed. Banke, C. J., and McMurray, P. J., concur.*

DECIDED MARCH 3, 1986.

*H. Haywood Turner III*, for appellant.
*William J. Smith, District Attorney*, for appellee.