## 71645. BATTLE v. THE STATE.

(344 SE2d 477)

BENHAM, Judge.

Appellant was convicted of criminal attempt to commit burglary.

On appeal he contends that the evidence was insufficient to support the judgment and that the trial court erroneously denied several of his motions. We disagree and affirm the conviction.

1. The State's sole witness testified that he and his wife were awakened at 3:00 a.m. on January 1, 1985, by the burglar alarm in their store located next to their home. The witness watched as a man he identified as appellant used a crowbar in a series of attempts to gain entry to the store. Each attempt caused the burglar alarm to sound and a light to illuminate, at which point the perpetrator would cease his efforts and run across the street. When the burglar alarm and light automatically cut off, appellant resumed his attempts to enter the store, again setting off the alarm and the light. The witness watched appellant make five attempts to enter the store and, each time, run away when the alarm sounded. The owner later discovered that three locks had been torn from the doors and that one door had been cracked. The witness stated that he had known appellant for 10 to 15 years prior to this incident and that the area was well-lit. He was positive in his identification of appellant as the perpetrator. The evidence was sufficient for a rational trier of fact to find appellant guilty beyond a reasonable doubt of criminal attempt to commit burglary. OCGA § 16-4-1; *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979); *Hampton v. State*, 145 Ga. App. 642 (244 SE2d 594) (1978).

2. At the close of the State's evidence and again at the close of the trial, appellant moved for a directed verdict of acquittal, contending that the affirmative defense of abandonment had not been overcome by the State. See OCGA § 16-4-5. Appellant contended that the testimony of the State's witness established that the perpetrator had abandoned his efforts to burglarize the store.

In order for the affirmative defense of abandonment to come into play, it must be shown that the perpetrator "prevented [the crime's] commission under circumstances manifesting a voluntary and complete renunciation of his criminal purpose." OCGA § 16-4-5 (a). However, "[a] renunciation of criminal purpose is not voluntary and complete if it results from: (1) [a] belief that circumstances exist which increase the probability of detection or apprehension of the person . . ." OCGA § 16-4-5 (b). As the trial court observed while denying the motions: "the testimony at least of the burglar alarm going off that many times and the different efforts at the different doors would more than meet [the requirements of OCGA § 16-4-5 (b)], at least to make it a question for the jury to decide." The motions for directed verdict of acquittal were properly denied. OCGA § 17-9-1 (a).

3. The remainder of appellant's enumerated errors concerns remarks made by the trial court to the unchosen members of the jury panel in the presence of the jury impaneled to hear appellant's trial.

Appellant asserts that the remarks amounted to a pre-trial judicial expression of belief as to the guilt or innocence of appellant. The remarks were not recorded by the court reporter and the trial court did not "agree with the language [appellant's attorney] quoted as being what I said." " 'It is well settled that absent a showing of the context in which alleged prejudicial remarks were made this court cannot determine whether remarks were prejudicial to the defendant and thus whether error was committed.' [Cits.] Where the record does not disclose the offending comment or action, '(t)he objection made is not proof of the factual grounds there stated.' [Cit.]" *Pennyman v. State*, 175 Ga. App. 405, 409 (333 SE2d 659) (1985). Without a verbatim account or the concurrence of all involved as to what was said, we have no basis upon which to rule on the enumerated errors and no basis upon which to reverse. Id. at 410.

*Judgment affirmed. Deen, P. J., and Beasley, J., concur.*

DECIDED APRIL 7, 1986.

W. Zack Hendon, Jr., for appellant.
E. Bryon Smith, District Attorney, Tommy K. Floyd, Assistant District Attorney, for appellee.