## 75681. McNEESE v. THE STATE.
(367 SE2d 235)

BENHAM, Judge.

Appellant was convicted of burglary. He now challenges the sufficiency of the evidence, the trial court's denial of his motion for directed verdict of acquittal, and its refusal to charge the jury on the lesser included offense of theft by taking. We affirm.

1. The testimony adduced at trial showed that at about 5:00 p.m. on a Saturday, a security guard employed to protect Fortune Mills, a business establishment, heard a noise on the second floor and found appellant inside the plant, carrying "some bags of socks up in his hands and arms." The guard testified that the mill was closed down and that no one was supposed to be there except him; that appellant did not have authority to be on the premises, and that "[h]e tore a back door down . . . enough to run the hand through there and unfasten the chain" to gain access to the building. The guard called the police, and when he saw appellant again, he still had the socks and also had in his hand an AM-FM radio that belonged to another weekend guard. The arresting officer testified that when he pulled up at the plant and saw appellant, appellant threw the socks down and said, "I guess you'll charge me with burglary for going in that place." Appellant was apprehended and had in his possession 72 pairs of socks and the radio. An investigation of the building revealed that the back door had been broken open, and glass and wood particles from the door were on the floor. Appellant testified that he had been drink-

ing at a bar; that on the way back, he found the socks in a bag by the fence along the railroad tracks near the mill; and that he was going to take the socks and sell them. He denied making the statement about burglary. The evidence was sufficient for a rational trier of fact to find appellant guilty beyond a reasonable doubt of burglary, there being a showing of entry without authority and the intent to commit a theft. Therefore, appellant's motion for a directed verdict of acquittal was properly denied. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979); OCGA § 16-7-1; *Mullinnix v. State*, 177 Ga. App. 168 (338 SE2d 752) (1985).

2. Appellant excepted to the exclusion of his request for a jury charge on the lesser included offense of theft by taking and raises the issue here, citing *Anglin v. State*, 182 Ga. App. 635 (2) (356 SE2d 564) (1987), in support of his contention that the charge was required. We find that *Anglin* is distinguishable from appellant's case in that Anglin stated "an intent to steal goods he admitted were not his" (id. at 637), whereas appellant's testimony was that he found the bag of socks sitting by the fence near the railroad tracks, and so he took them. He denied breaking into the mill and said he didn't remember finding or having the radio. Appellant never indicated that he thought the socks were the "property of another," nor did he admit to having the requisite intent to steal. OCGA § 16-8-2. Under appellant's version of what happened, he could not have been convicted of theft by taking, as some of the crime's essential elements were missing. Appellant's description of his actions shows that he was merely gathering abandoned property, which is not a crime. See *Darden v. State*, 165 Ga. App. 739, 741 (302 SE2d 425) (1983). The trial court did not err in refusing to give the charge. "A jury charge is properly refused where it is not authorized or adjusted to the evidence adduced at trial. [Cit.]" Id.

*Judgment affirmed. Banke, P. J., and Carley, J., concur.*

DECIDED JANUARY 13, 1988 —
REHEARING DENIED MARCH 17, 1988.

*W. Davis Hentz*, for appellant.
*David L. Lomenick, Jr., District Attorney, McCracken K. Poston, Jr., Assistant District Attorney*, for appellee.