## A89A1077. HAYES v. THE STATE.
(387 SE2d 139)

Sognier, Judge.

Marion Hayes appeals from his conviction of burglary and possession of burglary tools.

1. Appellant first enumerates the general grounds. Construing it to support the verdict, the evidence adduced at trial showed that on the morning of October 20, 1987, James T. Morrison and Theresa Bird heard the sound of wood cracking at the back door of their rented house and Morrison, upon checking, observed a man, later identified as appellant, outside the back door. When observed by Morrison, appellant had forced open the burglar door, broken a windowpane, and was in the process of removing one of the glass panes from the back door. Appellant noticed Morrison and fled, and Morrison and Bird set off after appellant. When they caught up with appellant he attacked both Morrison and Bird. Morrison eventually struggled appellant to the ground and Bird called the police, who arrested appellant, finding on his person a pair of women's white gloves, a flashlight, an Allen wrench set, and a syringe. Morrison testified he had seen an Allen wrench in appellant's hand at the back door; Bird testified she saw appellant use something that looked like an Allen wrench to chip away at the window.

Appellant did not deny that he was at the scene. He testified that, having been depressed, he had ingested both cocaine and alcohol during the several days before the incident in several unsuccessful attempts to commit suicide, had passed out, and simply could not remember anything about the time in question. However, appellant also told police when apprehended that he had gone to the house where Morrison and Bird lived because he was looking for his wife. Both Morrison and Bird denied any knowledge of appellant or his wife prior to this incident.

"It is the function of the jury to determine the credibility of witnesses and to weigh and resolve any conflicts in the testimony. This court must view the evidence in a light most favorable to the jury's verdict. [Cit.] Viewing the evidence in that light, we are satisfied that any rational trier of fact could have found appellant guilty beyond a reasonable doubt. [Cit.]; *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979)." *Blackman v. State*, 178 Ga. App. 88, 89 (1) (342 SE2d 24) (1986).

2. Appellant next contends the trial court erred by improperly limiting his cross-examination of Bird. The trial court sustained the prosecutor's objection, on the grounds of relevance and prejudice, to appellant's counsel asking Bird: "[n]ow, isn't it true that [appellant] knocked on your door and the reason y'all didn't answer the door was you thought it was a bill collector, isn't that true?" In making an offer

of proof outside the presence of the jury, appellant's counsel stated that his question was based on his visit to the victims' house approximately four months after the incident, at which time he had seen many bills and an eviction notice in the open mailbox and the landlord had confirmed that eviction proceedings had been brought against the victims in November and they had moved out.

We find no reversible error here. "The scope of cross-examination is not unlimited and the extent thereof lies within the sound discretion of the court. [Cit.] An irrelevant or immaterial line of inquiry may be curtailed without violence to a defendant's permissible scope of cross-examination. [Cit.]" *Deyton v. State*, 182 Ga. App. 73, 74 (3) (354 SE2d 625) (1987). Under the circumstances here, where appellant's claim that the victims were experiencing financial difficulties was based on circumstances at a time four months later than the incident at issue, and where it is difficult to imagine how, in any event, financial difficulties would have given the victims a motive to fabricate a burglary, we find no abuse of discretion by the trial court on its limitation of appellant's cross-examination along those lines. See generally *Fitzgerald v. State*, 166 Ga. App. 307, 310-311 (7) (304 SE2d 114) (1983).

3. Appellant asserts the trial court erred by failing to grant his motion for a mistrial after the prosecution commented improperly on appellant's exercise of his right to remain silent at the time of his arrest. The record shows that after appellant had rested, the trial court permitted the State to call DeKalb County Police Detective A. B. Blaisdell, who had been unavailable during the presentation of the State's case. Blaisdell testified that he brought appellant to the police station after his arrest and read him his rights. The prosecutor then asked Blaisdell: "And at that point, [appellant] decided not to make a statement to you, is that correct?" Defense counsel objected immediately and moved for a mistrial. The trial court denied the motion, but ordered the question stricken from the record and instructed the jury to disregard it. Thus, even if we were to agree with appellant that the prosecutor's question was an improper comment on the exercise of appellant's right to remain silent when arrested, the trial court did not commit reversible error by denying the motion for a mistrial. "The decision to grant or deny a motion for a mistrial is necessarily a matter within the discretion of the trial court, and the court's exercise of that discretion will not be disturbed on appeal unless it is apparent that a mistrial is essential to preserve the defendant's right to a fair trial. [Cit.] 'Here the trial judge acted immediately, ruled out the offensive [comment], and properly instructed the jury not to consider the [comment] in its deliberations. (Cit.) Under the facts of this case, we cannot say that this amounted to an abuse of discretion.' [Cit.]" *Culbreath v. State*, 258 Ga. 373, 376 (3) (369 SE2d 29) (1988).

4. We find no merit in appellant's contention that the trial court's charge and recharge to the jury regarding the definition of an unauthorized entry, taken from *Mullinnix v. State*, 177 Ga. App. 168 (338 SE2d 752) (1985), was an incorrect statement of the law and was not adjusted to the evidence. The trial court instructed the jury on the statutory definition of burglary. He then charged the jury, concerning what constitutes an unauthorized entry, that "where a defendant breaks the plane of a structure with intent to steal, he has done enough to permit a reasonable trier of fact to rationally find proof of entry with intent to commit a theft beyond a reasonable doubt." The jury was recharged in the identical language when, after beginning its deliberations, it asked the trial court "[w]hat is the law regarding a definition of entry[?]"

Appellant argues that *Mullinnix*, supra, is not applicable because, although he broke the window on the back door, unlike the situation in *Mullinnix* there was no evidence he put his hand or any object through it, and thus no evidence that appellant "broke the plane" of the structure. See *Hampton v. State*, 145 Ga. App. 642 (244 SE2d 594) (1978). However, appellant's argument ignores the undisputed fact that before *reaching* the back door window appellant "broke the plane" of the structure by forcing his way through the screen on the burglar door to reach through, unlock it, and obtain access to the window. Thus, the trial court's charge is a correct statement of the law and was adjusted to the evidence in the case, and we find no error here.

5. Appellant raises objection to the charge of the trial court on possession of burglary tools, citing *Burnette v. State*, 168 Ga. App. 578 (309 SE2d 875) (1983). In *Burnette*, we reversed the denial of a motion for a directed verdict of acquittal on such a charge because we were not prepared to hold that a hammer, pliers, screwdriver, and chisels were tools " 'commonly used in the commission of burglary,' as required by [OCGA] § 16-7-20 (a)," id. at 580 (2) (b), but even assuming they were, the State had failed to introduce any evidence "that appellant possessed such tools with the intent to use them in the commission of a crime." Id. However, unlike the situation in *Burnette*, supra, in this case there *was* evidence appellant used the Allen wrenches to break into the home of the victims. Moreover, in *Cunningham v. State*, 128 Ga. App. 789 (197 SE2d 871) (1973), a conviction for possession of burglary tools was affirmed where the accused was found with a ring of keys opening a vending machine; and in *Alexander v. State*, 166 Ga. App. 233 (1) (303 SE2d 773) (1983), this court upheld a conviction for possession of tools for the commission of a crime when the tool was a thin screwdriver found on the person of the accused. Accordingly, we find no reversible error in the trial court's charge on possession of burglary tools.

6. Appellant next contends the trial court erred by giving a charge on voluntary intoxication, which allowed the jury to presume intent; and compounded the error by failing to give appellant's requested charge on specific intent, resulting in a "burden-shifting" charge, impermissible under *Francis v. Franklin*, 471 U. S. 307 (105 SC 1965, 85 LE2d 344) (1985). Contrary to appellant's argument, we find nothing in the charge given which could possibly be construed as allowing the jury to presume intent. The charge given on voluntary intoxication instructed the jury that if appellant voluntarily deprived himself of reason by consuming intoxicants and then committed a criminal act while under the influence of such intoxicants, he would be "criminally responsible for such act *to the same extent as if he were sober*." (Emphasis supplied.) The law in Georgia is that "if the intention to commit the act in controversy is present, intoxication is no excuse for the crime. [Cit.]" *Hardy v. State*, 242 Ga. 702, 706 (4) (d) (251 SE2d 289) (1978). Thus, provided the jury was instructed properly regarding the finding of intent, the charge on voluntary intoxication was not error.

In the portion of the court's charge on intent the jury was instructed that the crimes charged consisted of the "union or joint operation of act and intention," and that "[i]ntent may be shown in many ways *provided the jury finds that it existed from the evidence produced before them. A person will not be presumed to act with criminal intention*, but the jury may find such intention or the absence of intention, upon consideration of the words or conduct or demeanor, motive and all other circumstances connected with the act for which the accused is prosecuted." (Emphasis supplied.) In the remainder of the charge the trial court instructed the jury concerning the elements of the crimes charged, including specific intent, on the presumption of innocence, the obligation of the State to prove each essential element of the crimes charged beyond a reasonable doubt, and the rule of reasonable doubt.

We cannot agree that *Francis*, supra, provides authority for appellant's claim that the charge given shifted the burden on the issue of intent. Not only did the trial court not use the phraseology condemned in *Francis*, "but [the trial court] emphasized the presumption of innocence of the defendant, that the burden was always upon the prosecution, and 'intent' must be established by the [S]tate, beyond a reasonable doubt," *Bogan v. State*, 177 Ga. App. 614, 619 (4) (340 SE2d 256) (1986), and that the jurors themselves must make the decisions from the evidence. Accordingly, this enumeration is without merit. See id.

7. OCGA § 16-4-5 (b) (1) provides that "[a] renunciation of criminal purpose is not voluntary and complete if it results from . . . [a] belief that circumstances exist which increase the probability of de-

tection or apprehension of the person or which render more difficult the accomplishment of the criminal purpose." Accordingly, as there was no evidence that the attempt was abandoned for any reason other than that appellant fled when discovered, there is no merit in appellant's contention that the trial court erred by failing to give his requested charge on abandonment of an attempt.

8. Appellant finally contends the trial court erred by refusing to give his requested charge on mistake of fact because it was his sole defense. See *Arnold v. State*, 157 Ga. App. 714-715 (1) (278 SE2d 418) (1981). The requested charge was taken verbatim from OCGA § 16-3-5, which provides that "[a] person shall not be found guilty of a crime if the act or omission to act constituting the crime was induced by a misapprehension of fact which, if true, would have justified the act or omission." In the case at bar, even assuming, without deciding, that mistake of fact was appellant's sole defense, and that his actions in breaking and removing the windowpane of the victims' back door were induced by the misapprehension that appellant's wife was inside, nevertheless that misapprehension would not have *justified* appellant's actions in "breaking the plane" of the victims' residence. Accordingly, a charge on mistake of fact was not supported by the evidence in this case. " 'A jury charge is properly refused where it is not authorized or adjusted to the evidence adduced at trial. (Cit.)' [Cit.]" *McNeese v. State*, 186 Ga. App. 410, 411 (2) (367 SE2d 235) (1988).

Appellant's possible *motive* in breaking the windowpane, i.e., his belief that his wife may have been inside, was relevant only to the issue of intent to steal, on which question the jury was properly and thoroughly charged by the trial court (see Division 6, supra).

We find no merit in this enumeration.

*Judgment affirmed. Carley, C. J., Deen, P. J., McMurray, P. J., Birdsong, Pope, Benham and Beasley JJ., concur. Banke, P. J., dissents.*

BANKE, Presiding Judge, dissenting.

In *Hampton v. State*, 145 Ga. App. 642 (244 SE2d 594) (1978), this court concluded that an "entry" was not shown by evidence that the appellant and an accomplice had damaged the back door to a building in an attempt to force it open and had broken an adjacent window. The court held that under such evidence the appellant could not be found guilty of burglary but only of criminal attempt to commit burglary. Accord *Battle v. State*, 178 Ga. App. 655 (1) (344 SE2d 477) (1986) (where a conviction of attempted burglary was upheld based on evidence that the appellant had been observed using a crowbar in repeated attempts to gain entry to the premises, that three locks had been torn from the doors, and that one door had been

cracked).

In *Mullinnix v. State*, 177 Ga. App. 168, 169 (338 SE2d 752) (1985), it was held that "insertion of an instrument through a hole in the door and removal with the instrument or hand of an alarm string" constituted a "breaking of the plane" and thus an "entry" within the contemplation of OCGA § 16-7-1, so as to support a conviction of burglary. The facts of the present case would appear to more closely resemble those in *Hampton* than those in *Mullinnix*, in that there was no showing that the appellant in the present case passed any object or part of his body through the plane of the structure. Thus, inasmuch as the majority has sought neither to overrule *Hampton* nor, in my opinion, to distinguish that case from this one in any satisfactory manner, I am constrained to dissent to the affirmance of the appellant's conviction.

DECIDED SEPTEMBER 5, 1989 —
REHEARING DENIED SEPTEMBER 26, 1989 —

*J. M. Raffauf, John D. McCord III*, for appellant.

*Robert E. Wilson, District Attorney, Barbara B. Conroy, Eleni A. Pryles, Fran Shoenthal, Assistant District Attorneys*, for appellee.