## A92A1654. MANOUS v. THE STATE.
(423 SE2d 721)

COOPER, Judge.

Appellant was convicted by a jury of possession of tools for the commission of a crime (OCGA § 16-7-20) and appeals from the judgment of conviction entered on the verdict.

The evidence adduced at trial reveals that while on patrol at approximately 3:00 a.m., an officer observed a car parked near the back of a Firestone store. The officer noticed that the car was in an unusual location and that the car had not been there when he patrolled the area approximately two hours earlier. The officer drove back by the area with his lights off and saw a white male coming from the back of a building bordering the Firestone store. The man was wearing a white shirt and black pants and carrying something in his hands. Upon seeing the officer, the man began to run away, and the officer pursued him until the suspect ran into some nearby woods. The officer called for backup and waited for the suspect to emerge from the woods. The officer ran a check on the car parked at the Firestone store and discovered that it was registered to appellant. When he saw a take-out box from Pizza Hut on the floor of the car, the officer suspected that the Pizza Hut next door had been burglarized and immediately went there. The officer found the glass front door knocked out and a locked cash box and an open bank bag on the counter inside. As the officer left the Pizza Hut, he saw the suspect coming from the woods back toward the Pizza Hut. The suspect was now wearing black pants without a shirt or shoes, and his face and body were covered with scratches and mud. The suspect identified himself as appellant and was placed under arrest. Appellant gave a statement to officers, contending that he had been knocked over the head by a hitchhiker and did not remember anything. The officers searched the woods appellant ran into and found a pair of gloves and a screwdriver. Appellant denied that the gloves and screwdriver belonged to him. However, the manager of the Pizza Hut testified that the gloves found in the woods were the same gloves appellant used to wear when he worked at the restaurant cleaning ovens. Appellant's car was searched and a glass cutter and three lock picks were found. Appellant's explanation for these items was that he was studying to be a locksmith.

1. In his first enumeration of error, appellant contends that the evidence was insufficient to support the conviction. OCGA § 16-7-20 (a) provides that "[a] person commits the offense of possession of

tools for the commission of crime when he has in his possession any tool, explosive, or other device commonly used in the commission of burglary, theft, or other crime with the intent to make use thereof in the commission of a crime." Appellant was seen walking from an area in close proximity to the Pizza Hut, which had been forcibly entered. A glass cutter and lock picks were found in appellant's car, which was parked in the lot of a store adjacent to the Pizza Hut. Appellant ran when he saw the police officer and carried something with him into the woods. A screwdriver and a pair of gloves were found in the area of the woods where appellant ran, and the gloves were subsequently identified as belonging to appellant. Appellant's reliance on *Burnette v. State*, 168 Ga. App. 578 (2) (309 SE2d 875) (1983), is misplaced because that case is factually distinguishable. In *Burnette*, the tools found were ordinary household tools and showed signs of rust, indicating that they had not been recently used. Also, the burglarized premises did not appear to have been forcibly entered. In this case, the State presented evidence from which the jury could conclude that appellant possessed the tools with the intent to use them in a burglary of the Pizza Hut. Viewing the evidence in the light most favorable to upholding the jury's verdict, as we are required to do, we conclude that a rational trier of fact could have found appellant guilty beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979); *Ranson v. State*, 198 Ga. App. 659 (1) (402 SE2d 740) (1991).

2. Appellant contends in his second enumeration of error that the trial court erred in denying his motion for mistrial. Appellant moved for a mistrial on the grounds that his character was impermissibly placed in evidence when an officer testified that following his arrest, appellant stated that he had to be in court in Cherokee County in the morning. The trial court denied appellant's motion and instructed the jury to disregard the response given by the officer. We do not find that the testimony of the police officer reflected upon the character of the accused. See, e.g., *Cherry v. State*, 220 Ga. 695 (3) (141 SE2d 412) (1965). Moreover, we conclude that the trial court's instruction to the jury was sufficient to cure any error. Accordingly, we find that the trial court did not abuse its discretion in denying appellant's motion for mistrial.

3. Appellant argues that the trial court erred in charging the jury as follows: "While mere presence at the scene of the commission of the crime is not sufficient evidence to convict one of being a party thereto, presence and conduct before and after [the] offense [are] circumstances from which one's participation in the criminal intent may be inferred. . . ." Appellant contends that the charge unduly emphasized the circumstances surrounding the crime. The charge was authorized by the evidence, and "taken as a whole, clearly instructed

the jury of the factors it was to consider in its deliberations. . . ." *Tate v. State,* 198 Ga. App. 276, 279 (4) (401 SE2d 549) (1991).

*Judgment affirmed. Sognier, C. J., and McMurray, P. J., concur.*

DECIDED OCTOBER 13, 1992.

Awtrey & Parker, Barbara H. Martin, Robert B. Silliman, for appellant.

Thomas J. Charron, District Attorney, Charles M. Norman, Debra H. Bernes, Nancy I. Jordan, Assistant District Attorneys, for appellee.