## 52054. PACE v. THE STATE.

STOLZ, Judge.

Defendant Pace was identified as having visited one Claude Ray Bryant in his hotel room several hours before Claude Ray Bryant's dead and battered body was found by a maid. The defendant is alleged to have left the deceased's hotel room about three hours before the body was found.

Shortly thereafter the defendant was found in an extremely drunken state and arrested. Charged with

murder, the defendant proceeded to trial, at which he presented no evidence. The jury returned a guilty verdict for voluntary manslaughter and it is from the entry of judgment on this verdict that the defendant appeals.

1. The evidence presented by the state at trial adduced the following: Several witnesses testified as to the bloodbath they observed upon entering the deceased's hotel room. When arrested, the defendant had a scratch on his nose, laceration of his knuckles, and blood stains on his shoes. The defendant's shoes were approximately the same size as what appeared to be a shoe print found on the carpet beside the deceased's body. The blood on his shoes, although a common type, was of the same type as the deceased's and different from the defendant's. On the day after the killing, as Pace was being transferred from the stockade to the detective bureau, and after being fully advised of his rights, the defendant stated that he had borrowed twenty dollars from the deceased and got into a fight when the latter wanted the money back. After stating that he did not know that Bryant was dead, the defendant allegedly said, "I did not aim to stomp the man as hard as I did."

"In order for a conviction to be affirmed in this case, it must appear that the evidence measures up to the rule laid down in Code § 38-109, which reads as follows: 'To warrant a conviction on circumstantial evidence, the proved facts shall not only be consistent with the hypothesis of guilt, but shall exclude every other reasonable hypothesis save that of the guilt of the accused.'

"While the evidence certainly would not demand the verdict of guilty reached by the jury, we do not agree that it failed to exclude every reasonable hypothesis except the guilt of the appellant. It was not necessary for the state to prove that it was impossible for the offense to have been committed by anybody else, or that it might not, by bare possibility, have been done by another. See, *Eason v. State,* supra, p. 842."*Pinson v. State,* 235 Ga. 188, 190 (219 SE2d 125). The evidence is sufficient to support the verdict.

2. During the trial, the state offered in evidence carpet samples taken from the deceased's hotel room in

order to compare the samples with the size and shape of the defendant's bloodstained shoes. The defendant now contends that the state never established that the imprints on the carpet were those of a man's shoes. However, at trial, defense counsel's objection was that the state crime lab had prejudicially altered these samples by tracing the outline of the defendant's shoes on them. These two objections are neither the same nor similar, and the defendant may not raise an objection on appeal which he has not heretofore raised in the trial court. *Lindsey v. State,* 138 Ga. App. 377. See also *Employers Commercial Union Ins. Co. v. Wrenn,* 132 Ga. App. 287 (1) (208 SE2d 124).

3. At the close of the evidence and arguments to the jury, the judge charged the jury on justifiable homicide as *requested by the defendant.* Pretermitting the correctness of this charge, the defendant may not enumerate as error the giving of a charge which he had specifically requested. *Patterson v. State,* 233 Ga. 724 (7) (213 SE2d 612).

*Judgment affirmed. Bell, C. J., and Clark, J., concur.*

Argued April 6, 1976 — Decided May 6, 1976— Rehearing denied June 8, 1976.

*McKenna, House, Lancaster & Green, Doye E. Green, C. R. Cook,* for appellant.

*Fred M. Hasty, District Attorney, Walker P. Johnson, Jr., Assistant District Attorney,* for appellee.