53524. RIDLEY v. THE STATE.

QUILLIAN, Presiding Judge.
The defendant appeals his conviction for kidnapping. *Held:*

1. He enumerates as error the introduction of testimony of a deputy sheriff in rebuttal to defendant's testimony which showed that he had made a statement that was inconsistent with his trial testimony. A review of the transcript shows no objection was voiced by defendant's counsel to admissibility of this evidence at trial.

Our Supreme Court has noted: "This court has held on occasions too numerous to recount that, though there may be a ground of objection to evidence which would have been good if made at the proper time, yet, if the objection made be not good or not made at all or made for the first time in the motion for a new trial or made only before this court, the Supreme Court being a court alone for the trial and correction of errors of law committed in the trial court, will not set aside the verdict and judgment of conviction on account of the admission of such

evidence." *Starr v. State,* 229 Ga. 181, 183 (190 SE2d 58). The same rule applies in this court. *Pace v. State,* 138 Ga. App. 839 (2) (227 SE2d 436).

We find that defendant never voiced an objection during the trial on the basis that he now enumerates as error to this court, i.e., failure to lay "the proper foundation" as "the defendant was not confronted by the state with the alleged contradictory statements." "Where the objection urged below is not argued here it must be treated as abandoned and where an entirely different objection is presented to this court, we do not consider it since we are limited to those grounds urged in the trial court." *Carney v. State,* 134 Ga. App. 816 (3) (216 SE2d 617). Accord, *Kingston v. State,* 127 Ga. App. 660, 661 (194 SE2d 675); *Steverson v. Hospital Authority,* 129 Ga. App. 510, 513 (199 SE2d 881).

2. Defendant alleges the trial court erred in overruling his motion for a new trial, as amended. The evidence of record amply supports the verdict of the jury. The remaining grounds are without merit.

*Judgment affirmed. Smith and Shulman, JJ., concur.*

SUBMITTED MARCH 7, 1977 — DECIDED APRIL 6, 1977.

*Donald L. Lamberth,* for appellant.
*Claude N. Morris, District Attorney,* for appellee.