## 67578. DANIEL v. THE STATE.

BANKE, Judge.

The defendant was tried for driving under the influence of alcohol and improper parking. Upon conviction, he was fined $1,000 and sentenced to 12 months' confinement and 12 months' probation. *Held:*

1. The defendant contends that the trial court erred in denying his motion to dismiss the accusation on the ground that it contained a broader description of the charges than did the traffic citations issued by the arresting officer. Assuming arguendo that the accusation was in fact couched in broader language than the citations, this establishes no ground for its dismissal. The defendant's reliance on the holding in *Glass v. State,* 119 Ga. 299 (46 SE 435) (1903), to the effect that "[t]he accusation can not be broader than the affidavit . . .," is misplaced, since the accusation in this case was not based on an affidavit. Pursuant to OCGA § 17-7-71 (a) (Code Ann. § 27-705), "[t]he accusation need not be supported by an affidavit except in those cases where the defendant has not been

previously arrested in conjunction with the transaction charged in the accusation and where the accusation is to be used as the basis for the issuance of a warrant for the arrest of the defendant."

2. The trial court did err, however, in sentencing the defendant to misdemeanor punishment on the improper parking charge. It is undisputed that the State Court of Cobb County has created a Traffic Violation Bureau in accordance with the authority set forth in OCGA § 40-13-50 et seq. (Code Ann. § 24-301a) and that improper parking is among the offenses within the jurisdiction of that bureau. Pursuant to OCGA § 40-13-60 (Code Ann. § 24-312a), "[a]ny traffic violation under the jurisdiction of the traffic violations bureau shall be characterized and classified as a traffic violation and shall not be considered as a misdemeanor." The defendant's sentence is accordingly vacated, and the case is remanded for proper re-sentencing.

*Vacated and case remanded with direction. Shulman, P. J., and Pope, J., concur.*

DECIDED FEBRUARY 2, 1984.

*J. Don Jones,* for appellant.
*Herbert A. Rivers, Solicitor,* for appellee.