## 70711. MANNING v. THE STATE.
(334 SE2d 338)

BANKE, Chief Judge.

Ricky Joe Manning appeals his misdemeanor convictions of driving under the influence of alcohol and driving on the left side of the roadway.

Appellant was arrested at 12:27 a.m. on September 30, 1984, and was issued two uniform traffic citations. One cited "wrong side of road" as the offense and contained remarks that the subject was

weaving across the roadway and had a strong odor of alcohol on his breath; the other listed a "breath test result" of .20 and cited a violation of OCGA § 40-6-392, the statute pertaining to chemical testing of suspected DUI offenders for the presence of alcohol or drugs. A warrant was later issued for the offenses of "driving under influence and wrong side of road," which correctly cited OCGA § 40-6-391 (a) (1), rather than OCGA § 40-6-392, with regard to the DUI offense. Attached to the warrant was an "affidavit" bearing the signature of the sheriff; however, after the trial was completed, evidence was presented that the affidavit had not been sworn nor signed in the presence of the issuing magistrate.

At trial, appellant moved to dismiss the accusation on the ground that it was broader than the citations upon which it was drawn. Following his conviction, appellant filed an extraordinary motion for new trial based on newly discovered evidence of the deficiency of the affidavit supporting the warrant. On appeal, he contends that the trial court erred in denying these motions. *Held:*

1. Pretermitting the question of whether a challenge to an indictment or accusation based on newly discovered evidence can be raised in a motion for new trial, an accusation need not be supported by an affidavit where the defendant has been previously arrested in conjunction with the transaction charged in the accusation. See OCGA § 17-7-71 (a); *Daniel v. State*, 169 Ga. App. 722 (1) (314 SE2d 737) (1984). Clearly, appellant had been arrested for both offenses charged in the accusation, notwithstanding the erroneous statutory provision cited in one of the traffic citations. It follows that the trial court did not err in denying appellant's motion for new trial.

2. "Assuming *arguendo* that the accusation was in fact couched in broader language than the citations, this establishes no ground for its dismissal." Id. at 722. Accordingly, the trial court did not err in refusing to dismiss the accusation.

*Judgment affirmed. McMurray, P. J., and Benham, J., concur.*

DECIDED SEPTEMBER 3, 1985.

*Virgil L. Brown, Tamara Jacobs*, for appellant.

*Johnnie L. Caldwell, Jr., District Attorney, Christopher C. Edwards, J. David Fowler, Paschal A. English, Jr., Assistant District Attorneys*, for appellee.