## 71634. WAITES v. THE STATE.
### (343 SE2d 115)

BIRDSONG, Presiding Judge.

James Waites was convicted of driving under the influence of alcohol and sentenced to serve 12 months suspended after 30 days upon the payment of a fine. He brings this appeal enumerating three alleged errors. *Held:*

1. Waites complains that he was improperly charged and convicted of a "non-offense," i.e., OCGA § 40-6-392 dealing with the implied consent law. In substance, the accusation charged Waites with "operating" a vehicle while under the influence of alcohol in that he refused to take the required implied consent test. Waites contends that the word "operates" does not necessarily encompass the driving of a motor vehicle or having it within his control. The facts adduced by the state were compelling that Waites was the driver and that he was noticeably under the influence of alcohol. The allegation that he refused to take the implied consent test was nothing more than surplusage in the accusation but was indeed proven. The argument that "operated unlawfully" does not include the driving of the vehicle is more remarkable for its ingenuity than for its merit. Here the facts show that Waites was arrested at the scene of the stop for driving his vehicle while noticeably under the influence of alcohol. Even though the accusation cannot be broader than the citation, the accusation in this case was a reflection of the arrest and the affidavit simply stated a factual predicate for the crime imputed to Waites. The affidavit thus did not furnish the grounds for an arrest and does not subject the accusation to dismissal as being broader than the citation, where

the allegation is clear that the crime charged is DUI and the proof sustains that allegation. *Daniel v. State,* 169 Ga. App. 722 (1) (314 SE2d 737). See *Manning v. State,* 175 Ga. App. 738 (334 SE2d 338). This enumeration is without merit.

2. In his second enumeration, Waites complains he was not afforded effective assistance of counsel. We first observe that Waites is now represented by court-appointed appellate counsel who did not represent him at trial. Thus, appellate counsel finds fault with the trial tactics adopted by the trial defense counsel. The allegation of lack of effective assistance is predicated upon a complaint that at trial the state and counsel for Waites stipulated to a video tape taken of Waites while at the police station which primarily related to his conversation denying he was the driver and his refusal to take the implied consent test. That tape was not preserved and is no longer available. Appellate counsel argues that the tape destroyed Waites' ability to exercise his right to remain silent and in effect confessed his guilt without any showing that a *Miranda* warning occurred. This is all speculative. The record is clear that the parties stipulated to the admissibility of the tape. Moreover, counsel for appellant sought to use the tape for exculpatory purposes. Lastly, appellate counsel argues that no objections were made to any evidence. However, the case was simple and our observation of the transcript does not reflect any flagrant violations of any substantive rights belonging to Waites. Counsel afforded an appropriate defense, raising the issue of identity and extensively and carefully cross-examined both of the state's witnesses.

Counsel presented an opening statement and a closing argument, setting forth a viable defense albeit unsuccessful. The standard of effectiveness is not to be judged by hindsight nor by the result that appellant was convicted. *Pitts v. Glass,* 231 Ga. 638 (203 SE2d 515). While another attorney, had he represented Waites, might have conducted the defense in a different manner and might have exercised different judgments with respect to the matters in which fault now is found, the fact that the trial attorney chose to make certain decisions as to the conduct of the defense with which Waites and his presently appointed counsel now disagree, does not require a finding that the actual representation of Waites was so inadequate as to amount to a denial of the effective assistance of counsel. *Jones v. State,* 243 Ga. 820, 830 (12) (256 SE2d 907). We do not find merit in this enumeration.

3. In his last enumeration of error, Waites complains that a motion for mistrial should have been granted when in closing argument counsel for the state argued that the jurors were the conscience of society and should guard against drunken drivers. We find no material prejudice in the comment in the first place and in the second note that the record reflects a noticeable absence of objection to the argu-

ment. A solicitor may argue to the jury the necessity for the enforcement of the law and may impress upon the jury with considerable latitude in imagery and illustration its responsibility in this regard. *Stancil v. State*, 158 Ga. App. 147, 148 (279 SE2d 457). A similar argument was made in *Black v. State*, 167 Ga. App. 204, 206 (305 SE2d 837). The same objection as in this case was found to be without merit.

*Judgment affirmed. Banke, C. J., and Sognier, J., concur.*

DECIDED FEBRUARY 4, 1986 — REHEARINGS DENIED FEBRUARY 12, 1986 AND MARCH 19, 1986 — 

*E. Earl Seals*, for appellant.
*Robert B. Whatley, Solicitor*, for appellee.