71770. KUPTZ v. THE STATE.
(345 SE2d 670)

BENHAM, Judge.

After a jury trial, appellant was convicted of driving under the influence. He appeals the conviction, raising a forest of errors numbering 24 enumerations, with essentially 15 remaining after defoliation.

1. In his 1st, 2nd, and 4th enumerations, appellant challenges the jury charge as being burden-shifting and as insinuating guilt. However, the specific grounds appellant raises on appeal were not raised at trial when the trial court allowed exceptions to the charge. Since appellant failed to preserve the specific grounds for appeal, we need not address them. *Scott v. State*, 250 Ga. 195 (1c) (297 SE2d 18) (1982).

2. In his 3rd enumeration of error, appellant claims it is constitutionally impermissible to use OCGA § 40-6-392 in a DUI prosecution. Inasmuch as this appeal was transferred from the Supreme Court to this court without comment, the constitutional challenges have been found to be without merit. *George v. State*, 175 Ga. App. 229 (1) (333 SE2d 141) (1985). See also *McCann v. State*, 167 Ga. App. 368 (1) (306 SE2d 681) (1983).

3. Appellant's 5th enumeration of error seeks to challenge remarks made by the trial court to the jury panel from which appellant's jury was selected. Since the trial court's allegedly detrimental discourse was not taken down by a court reporter and incorporated into the transcript or otherwise made a part of the record in this case, this court has nothing to review. *Battle v. State*, 178 Ga. App. 655, (344 SE2d 477) (1986); *West v. State*, 120 Ga. App. 390 (3) (170 SE2d 698) (1969).

4. The accusation filed against appellant was couched in the dis-

junctive: appellant was charged with driving a motor vehicle while under the influence of alcohol or drugs or driving while there was .12 percent or more by weight of alcohol in his blood, in violation of OCGA § 40-6-391 (a) (1) or (a) (4). In his next two enumerations, appellant claims the charges against him were inconsistent and duplicitous and that the State was required to prosecute him for only one crime or the other. Appellant's assertion that he was prosecuted for two separate offenses is incorrect; OCGA § 40-6-391 establishes one crime, driving under the influence, and subsections (a) (1) and (a) (4) merely set out two different methods of proving that same crime. *Hogan v. State*, 178 Ga. App. 534 (343 SE2d 770) (1986). Appellant's situation does not provide a basis for reversal. Furthermore, the trial court did not err in giving the jury the option of merely finding appellant guilty or not guilty of driving under the influence. Since there was evidence to support a verdict of guilty under either OCGA § 40-6-391 (a) (1) or § 40-6-391 (a) (4), the jury was not required to disclose the subsection on which it based its verdict. See *Deshazier v. State*, 155 Ga. App. 526 (2) (271 SE2d 664) (1980).

5. Appellant next complains that his motion to dismiss the DUI charge should have been granted since there was no probable cause to arrest him for driving under the influence. There is no merit to this contention, since the arresting officer had made observations sufficient to justify the arrest. *Griggs v. State*, 167 Ga. App. 581 (1) (307 SE2d 75) (1983).

6. On redirect examination of a witness, the State introduced a photograph of appellant taken shortly after his arrest, which photo was admitted into evidence. Appellant now objects to the admission of the photograph, claiming that it was unrelated to the witness' cross-examination. Appellant waived his right to assert this specific ground at trial since, when the trial court asked for his objection to the exhibit, appellant replied, "If he can affirmatively say he took it, I have no objection." *Wilson v. State*, 145 Ga. App. 315, 322 (244 SE2d 355) (1978).

7. Appellant's next two enumerations challenge the phrasing of two questions posed by the State's attorney to appellant on cross-examination. We see no error in the trial court's allowing the questions to be asked, since they fall within the wide latitude given to an attorney who is cross-examining a witness.

8. Appellant next complains that the trial court discredited one of his witnesses and erred in refusing to qualify him as an expert on the Intoximeter 3000. It is well established that qualifying a witness as an expert is within the trial court's discretion, to be reversed only if that discretion is abused. *Hicks v. State*, 157 Ga. App. 79 (2) (276 SE2d 129) (1981). In light of the fact that the witness' knowledge of the machine was obtained through study of the Intoximeter 3000

materials for two hours prior to the trial, we find no abuse by the trial court in rejecting the witness as an expert on the machine. Our review of the record reveals no evidence of the trial court's having discredited the witness' testimony or appellant's primary defense.

9. Appellant filed a pre-trial motion seeking access to an Intoximeter 3000 for the purpose of proving that the reading he received from the machine was erroneous in light of his medical history. The trial court denied the motion and appellant claims error, arguing on appeal that his Sixth Amendment right to confront witnesses was thereby violated.

Appellant has cited no cases and we have not found any that apply the Sixth Amendment right of confrontation to machines. "Confrontation in a criminal trial really means the right to ask questions and secure answers from the witness confronted." *Lingerfelt v. State*, 235 Ga. 139, 140 (218 SE2d 752) (1975). Moreover, if appellant had been tested on the Intoximeter 3000 on or after October 3, 1984, the date of his motion, the testing would not prove that the machine gave an inaccurate reading for him on July 21, 1984, since the original test conditions, including appellant's own physical condition, could not have been duplicated. The trial court did not err in denying the motion.

10. Appellant argues that the Intoximeter 3000 test results should have been excluded because the State failed to follow its own procedures for servicing the machine. The record indicates that the machine was to be tested and serviced every three months; that it was tested and serviced on June 6, 1984; that appellant was tested on July 21, 1984; and that the machine was tested and serviced again on October 26, 1984. Since three months had not elapsed between the time of the first test and appellant's test, there was no error in the trial court's refusal to exclude the test results, to acquit appellant, or to charge the jury regarding the State's compliance with the testing rules.

11. Appellant claims that the trial court's statement to the effect that the Intoximeter 3000 is the breath-analyzing machine authorized for use and used by the State of Georgia for such testing was unfairly prejudicial to appellant as directing the jury to find that the machine was accurate. We find no merit in this contention; the statement, made during argument on an objection, cannot be said to have had such an effect on the jury as to constitute reversible error.

12. Appellant's 14th enumeration of error being only a statement of the fact that he requested a jury charge that the trial court refused to give, with no supporting argument or citation of authority, we deem it abandoned. Georgia Court of Appeals Rule 15 (c) (2); *Haskins v. Jones*, 142 Ga. App. 153 (1) (235 SE2d 630) (1977).

13. Contrary to appellant's assertion, the trial court did not err

in ruling that the State was not required to preserve a breath sample for later independent testing by appellant, nor did it err in denying appellant's motion for mistrial on that basis. There is no statutory requirement for such preservation, a fact appellant acknowledges.

14. Appellant contends that the trial court exhibited a demeanor, attitude, and opinion throughout the trial that, coupled with its instructions to the jury, intimated its opinion of appellant's guilt, in violation of OCGA § 17-8-55. We cannot judge the trial court's demeanor by reviewing a cold transcript and record, but our review of the record reveals neither a spoken intimation on the trial court's part nor any objection voiced by appellant concerning the trial court's behavior.

15. In his last three enumerations of error, appellant complains that the trial court misstated and misapplied the law regarding independent chemical tests. He argues that the State failed to affirmatively prove whether or not appellant waived his statutory right to take an additional chemical test of his own choosing, and cites *Steed v. City of Atlanta*, 172 Ga. App. 839 (4) (325 SE2d 165) (1984), in support of his position. This issue was decided against him in *State v. Dull*, 176 Ga. App. 152 (335 SE2d 605) (1985), in which the proof requirement proposed in *Steed* was disapproved by *Steed*'s author. The enumerations are without merit.

*Judgment affirmed. Deen, P. J., concurs. Beasley, J., concurs specially.*

BEASLEY, Judge, concurring specially.

I concur in the judgment only. Without explaining all of the reasons I do so, since such would avail nothing but provide tedium, I feel obliged to elaborate with respect to Division 4 of the majority opinion. It deals with Enumerations of Error numbers 6, 7, and 18.

Number 6 claims that the court erred in denying appellant's motion to dismiss the accusation based upon an inconsistency between the offense charged on the ticket and that charged in the accusation.

The traffic citation apparently charged defendant with violating subsection (a) (1) of OCGA § 40-6-391 only. Although the citation is not in the record, the two counsel agreed to this fact during argument on the oral motion to dismiss made at the outset of the trial. The accusation charged, in a single count, that defendant drove a motor vehicle "while under the influence of alcohol" (subsection (a) (1)) "or while there was 0.12 percent or more by weight of alcohol in his blood . . ." (subsection (a) (4)). What warranted the dismissal, defendant argued, was this difference between the citation and the accusation. No authority was cited. Now appellant merely states without more that this is duplicitous, as these two subsections require proof of separate and distinct elements.

It is true that they do. Subsection (a) (1) requires proof that when defendant committed the act, his condition was such that he was "under the influence of alcohol . . . to a degree which renders him incapable of safely driving," i.e., "when it appears that it is less safe for such person to operate a motor vehicle than it would be if he were not so affected." See *Cargile v. State*, 244 Ga. 871, 873-874 (262 SE2d 87) (1979). Subsection (a) (4), on the other hand, requires no such proof. "Impaired driving ability is not a 'fact necessary to constitute the crime' established in subsection (a) (4). . . . the ability of any individual to drive without impairment" due to the influence of alcohol consumption is "irrelevant." *Lester v. State*, 253 Ga. 235, 237-238 (320 SE2d 142) (1984). Instead, it must be proved "that the defendant had at least a .12% blood-alcohol count while he was driving." Id. at 237. "Subsection (a) (4) . . . punishes the individual for choosing to drive when his blood-alcohol count is at least .12% or for choosing to drink alcohol while driving so that his blood-alcohol count reaches the prohibited level." Id. at 236. But this distinction does not end the matter raised here.

There is no requirement that the accusation charge the same thing, and no more, than what appears in the traffic citation. OCGA § 17-7-71 (a); see *Evans v. State*, 168 Ga. App. 716 (310 SE2d 3) (1983); *Daniel v. State*, 169 Ga. App. 722 (1) (314 SE2d 737) (1984); *Manning v. State*, 175 Ga. App. 738, 739 (2) (334 SE2d 338) (1985).

The question of duplicity was discussed in *Peters v. State*, 175 Ga. App. 463, 465 (1) (333 SE2d 436) (1985). It would not be subject to review here because, as the majority cites in Division 1 of the instant opinion, the specific ground for appeal must be reserved by raising it below. *Ridley v. State*, 141 Ga. App. 854 (1) (234 SE2d 688) (1977).

Number 7 claims the court erred in not requiring the state, on the oral demand of defendant at the beginning of trial, to elect between a prosecution of subsection (a) (1) *or* (a) (4). The ground was that these two charges were constituted of different elements and he had to know which to refute. The court ruled that the state was not required to make an election. The same ground is urged on appeal, but appellant cites no authority, arguing only that the state "should be required to choose which one it will prosecute in the interests of fairness as well as expediency." Since the law does not now require an election when both subsections are charged and relate to the same conduct, appellant must address this argument regarding criminal procedure to the legislature, as it is one of policy. The jury verdict only convicted of one subsection, that being (a) (1): "We the jury find the defendant guilty of driving under the influence of alcohol." Subsection (a) (4), of course, does not embrace proof that defendant was in such condition. *Lester v. State*, 253 Ga. 235 (2) (320 SE2d 142)

(1984).

Number 18 claims that the court erred in giving the jury three alternative forms for their verdict. The first two were agreed to in advance by the two counsel. During an interruption of the jury's deliberations, the court gave a blank piece of paper and reiterated one of the options, that of finding defendant guilty or not guilty of driving under the influence of alcohol (subsection (a) (1)). This, then, was not a *third* alternative, but rather a different form in that it was a blank piece of paper rather than one on which was written the alternative "guilty of driving under the influence of alcohol; not guilty of driving under the influence of alcohol." Since the verdict returned was precisely one of these two options in the first alternative agreed to by defendant, I fail to see the prejudice he urges. A conclusion that the court directed a verdict of guilty cannot be wrested from the court's giving the jury the blank piece of paper and instructing the jury as it did regarding its use. If anything, it favored him as it focused attention away from the subsection (a) (4) charge.

DECIDED MAY 21, 1986.

*William C. Head*, for appellant.
*Ken Stula, Solicitor*, for appellee.