*Donald F. Samuel*, for appellee.

73341. THE STATE v. HORNE et al.

(351 SE2d 730)

SOGNIER, Judge.

The State appeals from the trial court's grant of appellees' motion to quash the accusation because it was not based on an affidavit.

An accusation was filed against appellees Clifford Horne and Richard Kelley for criminal trespass on land owned by Dewey Thompson. It was learned that Dewey Thompson's sister, Nell Thompson Henry, was the true owner of the land, so the original accusation was dismissed and a second accusation was filed alleging that appellees committed criminal trespass on land owned by Henry. Appellees moved to quash the second accusation on the ground that it was not supported by an affidavit, and after a hearing on the motion, it was granted by the trial court.

The State appeals, contending that under the provisions of OCGA § 17-7-71 (a), a supporting affidavit for the accusation was not required. That section provides: "In all misdemeanor cases in superior, state, or county courts, the defendant may be tried upon an accusation framed and signed by the prosecuting attorney of the court. The accusation need not be supported by an affidavit except in those cases where the defendant has not been previously arrested in conjunction with the transaction charged in the accusation and where the accusation is to be used as the basis for the issuance of a warrant for the arrest of the defendant."

In the instant case appellees were previously arrested in conjunction with the offense charged in the original accusation, which was supported by an affidavit. Further, the accusation here was not to be used as the basis of a warrant for the arrest of appellees. Thus, no affidavit was required under the provisions of OCGA § 17-7-71 (a). See *Manning v. State*, 175 Ga. App. 738, 739 (1) (334 SE2d 338) (1985). Appellees' argument that the offenses charged in the first and second accusations were different offenses is not supported by the record or transcript, which shows that the only difference in the two accusations was the name of the owner of the property. Both accusations charged appellees with criminal trespass on the same property on the same date, and thus, alleged the same offense. Accordingly, the trial court erred by granting appellees' motion to quash the accusation.

In view of our disposition of the issue raised under the provisions of the statute, we need not address the State's contention that the motion to quash was untimely.

*Judgment reversed. Banke, C. J., and Birdsong, P. J., concur.*

DECIDED DECEMBER 5, 1986.

*Michael H. Crawford, District Attorney*, for appellant.
*V. D. Stockton, John M. Brown*, for appellees.