### A91A0351. BRANTLEY v. THE STATE.
(405 SE2d 533)

SOGNIER, Chief Judge.

Daniel Brantley was convicted of DUI, and he appeals from the judgment and sentence entered thereon.

1. Appellant contends that reversal is mandated because the State purposefully destroyed exculpatory evidence. We do not agree with appellant that the State's conduct requires reversal. Appellant was charged with violating OCGA § 40-5-55 (implied consent to chemical tests) by refusing to submit to a breath alcohol test. This charge was dismissed after the arresting officer testified at an administrative license suspension hearing that he could not remember the circumstances surrounding appellant's arrest. A police report, which could have been used to refresh the officer's memory, was unavailable at the time of the administrative hearing. The hearing was tape-recorded, but when appellant subsequently sought production of the tape the State informed him it had been destroyed pursuant to Department of Public Safety policy.

Appellant adduced no evidence at trial showing that the tape recording of the administrative proceedings was destroyed in bad faith. "[U]nless a criminal defendant can show bad faith on the part of the police, failure to preserve potentially useful evidence does not consti-

tute a denial of due process of law." *Arizona v. Youngblood*, 488 U. S. 51, 58 (109 SC 333, 102 LE2d 281) (1988); see *Lynott v. State*, 198 Ga. App. 688 (4) (402 SE2d 747) (1991). As best we understand it, appellant's claim that the material on the tape was exculpatory appears to refer to the fact that the implied consent charge was dismissed because the police officer did not remember appellant's arrest. However, even assuming that fact was exculpatory, the tape was not necessary to establish it, because the officer testified at trial that the implied consent charge had been dropped because of the lack of a police report to refresh his recollection at the administrative hearing.

2. Appellant contends that the State's failure to allow his counsel access to the police incident report prior to trial required dismissal of the charges against him, a continuance, or at the very least, suppression of the report. We cannot agree, as the document was made available to appellant in time for trial. Even accepting appellant's argument that the document in issue is a public record within the meaning of OCGA § 50-18-70 (a) and not subject to the exclusion provided by OCGA § 50-18-72 (a) (4), and even assuming that *Brady v. Maryland*, 373 U. S. 83 (83 SC 1194, 10 LE2d 215) (1963) covers documents such as this, "the mandate of *Brady* is not violated when the 'material is (made) available to the defendant during trial, since *Brady* does not require a pre-trial disclosure of the materials. (Cits.)' [Cit.]" *Assad v. State*, 195 Ga. App. 692, 693 (1) (394 SE2d 617) (1990).

3. Appellant's contention regarding the constitutionality of OCGA § 40-6-391 (a) has been decided adversely to him by the Georgia Supreme Court. See *Cargile v. State*, 244 Ga. 871, 873-874 (1) (262 SE2d 87) (1979).

4. Appellant enumerates as error the closing argument of the prosecutor, which he claims was replete with errors requiring reversal. We have examined the record carefully, and find that it does not support appellant's claims that the prosecutor argued facts not in evidence, vouched for the integrity of his witness, or testified himself to the jury as a handwriting expert. Jury arguments impressing upon the jury the desirability of preserving the safety of the community and the necessity of enforcing the law have been upheld by our courts. See, e.g., *Nebbitt v. State*, 187 Ga. App. 265, 268 (4) (370 SE2d 1) (1988); *Waites v. State*, 178 Ga. App. 333, 335 (3) (343 SE2d 115) (1986).

5. Contrary to appellant's assertion that the officer read from the report and did not testify from memory, the record shows that the police officer did not testify at trial that he could remember nothing about the charge and did not read from the report, but rather shows that the report was used twice during the officer's testimony to refresh his recollection.

6. Appellant contends the trial court erred by overruling his objection to the introduction of evidence regarding the horizontal nystagmus test (an observation of any jerking movements of the eyes as a possible result of drug or alcohol consumption; see *Mendoza v. State*, 196 Ga. App. 627, 630 (396 SE2d 576) (1990) (Deen, P. J., concurring specially)) given to appellant at the time of the incident. Appellant argues that the test has not met the requirement set forth in *Harper v. State*, 249 Ga. 519, 525 (292 SE2d 389) (1982) that it "has reached a scientific stage of verifiable certainty." For purposes of deciding this case, however, we need not decide the status of the horizontal nystagmus test because when appellant interposed his objection to the proposed testimony, the trial court ruled that he would "not allow the witness to go into what the test is. What the scientific reasons for the test are, or anything of this nature. I will allow him to testify as to what he did in giving the test and what the results of the test were." The officer then testified regarding his observations of appellant when the test was administered, and no further objection was made by appellant. By remaining silent, appellant acquiesced in the limits imposed by the trial court, whether erroneous or not, and waived any complaint regarding the testimony admitted. See generally *Nolton v. State*, 196 Ga. App. 690, 691 (2) (396 SE2d 605) (1990).

7. Appellant testified that he refused to take a breath test when he was arrested because he believed the test was unreliable and did not understand that he had the right to have an additional test. The State was permitted to question appellant on cross-examination regarding his knowledge of that right by asking if he recalled whether he had been apprised of that right on the previous occasions (in 1981 and 1986) when he had been arrested for DUI and had agreed to a breath test. Appellant bases three enumerations of error on the introduction of evidence of the prior arrests.

(a) The evidence of prior DUI arrests was introduced by the State to impeach appellant on the issue of his reason for refusing to submit to a breath test. "A witness may be impeached by disproving the facts testified to by him." OCGA § 24-9-82. Although appellant argues on appeal that the State failed to lay the proper foundation for questioning appellant regarding the 1986 arrest, that was not the basis for the objection raised at trial to the introduction of this evidence. " 'A ground not raised by objection at trial cannot be raised for the first time on appeal.' . . . [Cit.]" *Thomas v. State*, 196 Ga. App. 88, 90-91 (3) (395 SE2d 615) (1990).

(b) Appellant next maintains that the trial court erred by overruling his objection to the introduction of evidence of a 1981 arrest because he could not have acquired such knowledge from that arrest, as no state statute existed in 1981 conferring upon him the right to an additional test. In addition to the fact that this argument was not

raised in the trial court, appellant is mistaken in his assertion that no such provision existed in 1981. See Ga. L. 1974, pp. 633, 672-673.

(c) Appellant also argues that even if the prior arrests were admissible, they were admissible only for the limited impeachment purpose, and the trial court erred by failing to give a limiting instruction to the jury either before or immediately after the testimony was given. During its jury charge, however, the trial court did instruct the members of the jury that they should "consider the testimony concerning two other arrests of [appellant] for impeachment purposes only, and . . . not to consider whether or not [appellant] is guilt[y] or innocent of the charges in the instant case from those two cases." The trial court was not requested to instruct the jury on this principle at the time the testimony was given, and it is well established that the failure to invoke a ruling below bars appellant from raising the matter here. See *Riley v. State*, 196 Ga. App. 148, 149 (1) (395 SE2d 394) (1990).

8. This court has held that charging the jury that "the State of Georgia considers that persons who are under the influence of alcohol while operating a motor vehicle constitute a direct and immediate threat to the welfare and safety of the general public," taken from the first sentence of OCGA § 40-5-55 (a), "serves to state the purpose for requiring implied consent, and it is proper for the jury to hear." *Trotter v. State*, 179 Ga. App. 314-315 (2) (346 SE2d 390) (1986). Accordingly, we find no merit in appellant's contention that such a charge is argumentative and illegal.

9. Appellant finally contends that in light of the admission into evidence of testimony regarding his prior arrests for DUI, it was reversible error for the trial court to charge the jury that the accusation "would be sufficient as to date if the State should prove to your satisfaction, beyond a reasonable doubt, that the acts alleged in [the] accusation occurred . . . at any time within two years prior to the filing of this accusation." The charge given is a correct statement of the law related to the statute of limitation for the offense charged. See OCGA § 17-3-1 (d). "It is not necessary in considering a charge to assume a possible adverse construction, but a charge that is sufficiently clear to be understood by jurors of ordinary understanding is all that is required. [Cit.]" *Clark v. State*, 153 Ga. App. 829, 831 (266 SE2d 577) (1980). As it was clear from the evidence in issue that both prior arrests occurred more than two years before the filing of the accusation, in view of the instruction given the jury regarding proper consideration of the prior arrests for impeachment purposes only, see Division 7, supra, we find that the charge as given would not have confused the jury, and consequently was not erroneous. Id.

*Judgment affirmed. McMurray, P. J., and Andrews, J., concur.*

Decided April 9, 1991 —
Rehearing denied April 30, 1991 —

Jennifer L. Wheeler, for appellant.

Ralph T. Bowden, Jr., Solicitor, Ann M. Elmore, Assistant Solicitor, for appellee.