## A92A1610. WILLIAMS v. THE STATE.
### (426 SE2d 32)

ANDREWS, Judge.

Williams was charged and tried for the simple battery of Paula Smith between March 1 and 31, 1990; for the simple battery of Paula Smith between May 1 and 31, 1991; and for the offense of making harassing phone calls to her on or about February 20, 1992. The jury acquitted him of both simple battery charges and convicted him of making harassing phone calls and he appeals.

1. In his first enumeration of error, Williams contends that the trial court erred in denying his motion to sever because the offenses in the three separate accusations did not arise from the same conduct and were unrelated. "In *Dingler v. State*, 233 Ga. 462 (211 SE2d 752) (1975), the Supreme Court adopted ABA Standards of severance which provide that a defendant is entitled to severance if offenses are joined simply because they are similar in nature. However, only when the offenses have been joined *solely* because they are of the same or similar character shall the accused have a right to severance of the offenses. Offenses are not joined *solely* because they are of the same or similar character where the similarity reaches the level of a pattern evincing a common motive, plan, scheme or bent of mind. Where the

modus operandi of the perpetrator is so strikingly alike, that the totality of the facts unerringly demonstrate and designate the defendant as the common perpetrator, the offenses may be joined — subject to the right of the defendant to a severance in the interests of justice. Severance in this particular kind of circumstance lies within the sound discretion of the trial judge." (Citations and punctuation omitted.) *Hammock v. State*, 201 Ga. App. 614, 617-618 (5) (411 SE2d 743) (1991).

Although there is no trial transcript here, it is apparent that the joined offenses against Paula Smith were part of a common scheme or plan by her former boyfriend, Williams. Moreover, the fact that Williams was acquitted of two of the charges indicates that the jury was not prejudiced by the joint trial. See *Barber v. State*, 176 Ga. App. 103, 104 (2) (335 SE2d 594) (1985). We find no abuse of the trial court's discretion and this enumeration is without merit.

2. Secondly, Williams argues that the trial court erred in denying his special demurrer because the accusation for making harassing phone calls was not properly supported by an affidavit. This enumeration is without merit.

OCGA § 17-7-71 (a) provides: "In all misdemeanor cases in superior, state, or county courts, the defendant may be tried upon an accusation framed and signed by the prosecuting attorney of the court. The accusation need not be supported by an affidavit except in those cases where the defendant has not been previously arrested in conjunction with the transaction charged in the accusation and where the accusation is to be used as the basis for the issuance of a warrant for the arrest of the defendant." Williams does not contend that the accusation was used as the basis for the issuance of a warrant for his arrest — in fact he contends that at the time of the trial he had not been arrested for the charge. Thus, under the express language of OCGA § 17-7-71 (a), no affidavit was required. See *State v. Horne*, 181 Ga. App. 207 (351 SE2d 730) (1986).

3. Finally, Williams claims that the trial court erred in denying his special demurrer because the accusation did not set out the alleged offense with sufficient specificity. We find this enumeration also without merit.

OCGA § 17-7-71 (c) states: "Every accusation which states the offense in the terms and language of the law or so plainly that the nature of the offense charged may be easily understood by the jury shall be deemed sufficiently technical and correct." Because Williams was acquitted of the simple battery charges, we focus here on the accusation against him for making harassing phone calls. That accusation sets forth the offense with sufficient specificity and this enumeration is without merit. See generally *State v. Howell*, 194 Ga. App. 594 (391 SE2d 415) (1990).

*Judgment affirmed. Birdsong, P. J., and Beasley, J., concur.*

DECIDED NOVEMBER 18, 1992 —
RECONSIDERATION DENIED DECEMBER 1, 1992 

*Sonja L. Salo*, for appellant.
*Keith C. Martin, Solicitor, Jackie N. Stanton, Assistant Solicitor*, for appellee.