### KENT v. THE STATE OF GEORGIA.

The necessary breaking requisite in statutory burglary is accomplished
when a person who has no business in a factory effects an entrance
by turning the door-knob, thereby withdrawing the bolt used in
the daytime to keep the door closed, the same being done early in
the morning after the door was unlocked, but before it had come
into general use for the day by the public or even by the employés
of the establishment.

February 24, 1890.

Burglary.  Criminal  law.  Before  Judge  SMITH.
Muscogee superior court.  May term, 1889.

Kent was indicted for burglary of goods from a fac-
tory.  The evidence showed that he was detected in the
act of entering the front door of the building and of re-
turning, shortly afterwards, with the stolen goods.  He
was immediately arrested and soon afterwards admitted
his guilt.  The facts as to the manner of his entering
the house are stated in the opinion.  The court charged

that such entrance would be a breaking ; and refused to charge that if the door was one of common entrance to the factory and had been unlocked to allow persons to enter, but was left bolted to prevent its flying open, and defendant turned the knob and entered, that would not be a sufficient breaking for burglary.   After conviction, a new trial was asked, for error in the charge and in the refusal to charge, and was denied.

THORNTON & CAMERON, for plaintiff in error.

A. A. CARSON, solicitor-general, and W. A. LITTLE, for the State.

BLECKLEY, Chief Justice.

The case makes but one legal question, and that is whether the breaking was such as to constitute the element of breaking in the offence of burglary.   We think it was.   The door was locked in the night-time, but only bolted in the daytime.    It was bolted in this instance.   The fastening was such as was usual at that hour.   The hour, being between four and five o'clock in the morning, was so early as to afford no invitation to the general public to enter.   There was no consent by the owner to an entry at such an hour by the public or by any persons except those who by reason of being employés, or for some other reason, had business in the factory.   The employés had not yet arrived, nor had the day's business begun.   The door was not open even to the honest public, and certainly it was closed as against visitors who came to commit crime and for no other purpose.   We think a bolt ought to be considered as something relied on as a security against intrusion, according to State v. Boon, 13 Ired. (N. C.) 244, and that the turning of a bolt should be considered as a breaking by violating the security designed to exclude, according to State v. Newbegin, 25 Maine, 500, where a thief enters at such an hour for the sole purpose of

committing a larceny.  Had the accused made an entry
on some other business, and whilst in the house had
committed a larceny, the offence would not have been
burglary, but only larceny from the house.  But an en-
try by turning a bolt, not made for the purpose of law-
ful business, nor within business hours, is an entry by
breaking.  That the opening of a door secured by a.
bolt only will constitute breaking, see 2 East P. C. 487;
2 Rosc. Crim. Ev. 347; Bishop Stat. Crimes, §312; 2
Whar. Crim. L. §1532.

The indictment was founded on section 4386 of the
code, which declares that " Burglary is the breaking
and entering into the dwelling, mansion or storehouse,
or other place of business, of another, where valuable
goods, wares, produce or any other article of value are
contained or stored, with intent to commit a felony or
larceny."

There was no error in overruling the motion for a.
new trial.                              *Judgment affirmed.*