25228. DEATON *v.* THE STATE.

DECIDED APRIL 18, 1936. REHEARING DENIED MAY 7, 1936.

*J. L. Wallace, Maddox & Griffin,* for plaintiff in error.
*James F. Kelly,* solicitor-general, *J. Ralph Rosser,* contra.

GUERRY, J. Fred Deaton was tried and convicted of the offense of burglary. Complaint is made that the offense shown was, at most, larceny from the house, that no breaking and entering

were shown, and that the court failed to submit that question to the jury. The defendant was discovered by Mrs. Garner in the house alleged to have been burglarized, while he was coming down the stairs with a part of the stolen property. She ran, and he caught her and knocked her unconscious. She left home about 8:30 a. m. with her husband and returned about 11:30 a. m., and discovered the defendant in the house between 12:30 and 1 p. m. She testified: "Prior to the time this man came in my house, I know all doors were shut, and I know in order to enter that house he would have to open a door to get in, or a window or something. I had all the doors, front and rear locked, when Dr. Garner and the older boy went fishing, I locked up the house. . . I would say this man got into the house before I locked the house and I had been home twenty to thirty minutes before I locked the house. I have got screen doors to both the front and back doors. They stay closed all the time, and any one entering the house would have to open a screen door to get to the main door. Those screen doors shut themselves automatically, and stay shut until some one pulls them open. They could be propped open, but were not on this occasion." She testified also that any one could have entered the house during the time she was in the back part, fixing lunch. We are of the opinion that this evidence is sufficient to show a breaking and entering of the house, within the meaning of those terms in law, and that the judge did not err in failing to charge on the offense of larceny from the house. The circumstantial-evidence rule was fully met by the court's charge as a whole.

*Judgment affirmed. Broyles, C. J., and MacIntyre, J., concur.*