**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Kedric EVANS, Defendant-Appellant.**

**No. 27665**

**Summary Calendar.**

United States Court of Appeals
Fifth Circuit.

Sept. 11, 1969.

---

Neal B. Littlejohn, Columbus, Ga., for appellant.

Floyd M. Buford, U. S. Attorney, D. L. Rampey, Jr. Asst. U. S. Atty., Macon, Ga., for appellee.

Before BELL, AINSWORTH and GODBOLD, Circuit Judges.

GODBOLD, Circuit Judge:

■ This appeal is from a jury conviction on two counts.[1] The appellant received consecutive sentences. The count of concern on appeal charged burglary under 18 U.S.C.A. § 13, which makes punishable as federal offenses various acts committed on a federal area and punishable under the laws of the state in which the federal area is situated.[1A]

The sole point raised on appeal is the contention that although there was evidence of unlawful entry, there was no evidence of a breaking, so that the court erred in denying a motion for judgment of acquittal.[2]

The appellant's point is without merit. There was evidence that he was discovered in the early morning hours on the second floor of a barracks building

---

1. Pursuant to new Rule 18 of the Rules of this court, we have concluded on the merits that this case is of such character as not to justify oral argument and have directed the clerk to place the case on the Summary Calendar and to notify the parties in writing. See Murphy v. Houma Well Service, 5 Cir. 1969, 409 F.2d 804 Part I [March 11, 1969].

1A. The other count charged larceny under 18 U.S.C.A. § 661. No error is asserted as to this count.

2. The Georgia burglary statute, Georgia Code Annotated, 26-2401, in effect at the time of the offense, provided in pertinent part:

"*Definition; outhouses and hired rooms as part of dwelling.*—Burglary is the breaking and entering into the dwelling, mansion, or storehouse, or other place of business of another, where valuable goods, wares, produce, or any other article of value are contained or stored, with intent to commit a felony or larceny."

The Criminal Code of Georgia has now been amended to remove the element of breaking from the definition of burglary. Ga.Code Ann. § 26-1601. This new definition is inapplicable to crimes committed before July 1, 1969. Ga.Code Ann.

on the Ft. Benning, Georgia, Military Reservation, while going through the trousers pocket of a soldier. He fled and was captured near the building. He had in his possession money identified as having been in the wallet of one of the men in the barracks.

There was testimony that each door opening of the barracks had a wooden door with windows in it and a screen door, that each door had a spring-loaded automatic locking device, and that all these locking devices were working properly. The first floor of the barracks building stood six to eight feet above ground on pillars. There was testimony that the windows had screens on them, other testimony that some did and some did not. There was no testimony that all windows were closed.

■ It is not necessary that splinters fly to have a breaking. Opening a closed door, effecting an entrance thereby, is a breaking. Grimes v. State, 77 Ga. 762 (1886); Bloodworth v. State, 9 Ga.App. 161, 70 S.E. 892 (1911). It is a breaking even though the door has remained shut only because of friction of the door with the sill and casing. 2 Wharton Criminal Law § 413, p. 36–37. Pushing open a screen door held shut by spring hinges also is a breaking. Id at 37.[3]

■ From the testimony concerning operative spring devices on the doors, and the testimony of the height of the windows above ground, and the testimony that there were screens on the windows, the jury was entitled to conclude that appellant committed a breaking. The

mere possibility or conjecture that he entered through an open aperture and broke out of the house rather than broke in, does not destroy the legitimate inference that he broke and entered. Mitchell v. State, 69 Ga.App. 771, 26 S.E.2d 663 (1943).

■ Appellant urges the applicability of Mosley v. State, 49 Ga.App. 147, 174 S.E. 543 (1934) and Slappey v. State, 50 Ga.App. 17, 176 S.E. 908 (1934). In the former case there was a total lack of evidence as to whether the doors and windows of a house, in which defendant was found hiding under a bed, were closed. In the latter case the testimony of the prosecuting witness was so ambiguous that the appellate court was unable to determine whether he meant by his statements that he closed and locked his door or that he left it open and the accused slipped in the open door and hid. Neither case is any comfort to appellant. Cook v. State, 63 Ga.App. 358, 11 S.E.2d 217 (1940), held there was no breaking where the evidence showed that the accused entered an open window and "pushed aside" window curtains. Presumably Cook rests on the theory articulated in some cases that there must be a breaking, putting aside or removal of something which constitutes part of the building and is relied on as security against intrusion. See 2 Wharton Criminal Law, § 412 p. 35. If Cook establishes such a requirement in Georgia it avails nothing to the appellant in this case, where the concern is with doors, windows and screens.[4]

Affirmed.

3. See also Kent v. State, 84 Ga. 438, 11 S.E. 355 (1890), holding that entrance by turning the doorknob on an unlocked door, thereby withdrawing the bolt which kept the door closed, is a breaking. Cf. Deaton v. State, 53 Ga.App. 333, 185 S.E. 594 (1936) and Daniel v. State, 48 Ga. App. 789, 173 S.E. 485 (1934). § 26–103.

4. After determination by the court that this case is of such character as not to require oral argument and that it should be placed on the Summary Calendar, and after decision of the case made by the

court based on full consideration of the record and the briefs (including a full and competent brief filed by appellant's retained counsel), but before publication of this opinion, the appellant filed on August 20, 1969, a motion for appointment of counsel. He filed an affidavit of indigency, and a letter from his retained counsel, dated July 15, 1969, stating that until his fee was paid in full he would not file a reply brief or make an oral argument. There is no oral argument of Summary Calendar cases, and a reply brief is neither required nor in this case even useful. The motion is denied.