**UNITED STATES, Appellee,**

v.

**Private First Class Grady L. THOMP-SON, 082–52–8810, United States Army, Appellant.**

**ACMR 8802347.**

U.S. Army Court of Military Review.

26 Sept. 1989.

For Appellant: Captain Thomas A. Sieg, JAGC, Captain Lida A.S. Savonarola, JAGC (on brief).

For Appellee: Lieutenant Colonel Gary F. Roberson, JAGC, Lieutenant Colonel Daniel J. Dell'Orto, JAGC (on brief).

Before FOREMAN, SMITH and VARO, Appellate Military Judges

## OPINION OF THE COURT

VARO, Judge:

Pursuant to his pleas, appellant was found guilty by a military judge sitting as a general court-martial of larceny and two specifications of burglary in violation of Articles 121 and 129, Uniform Code of Military Justice [hereinafter UCMJ], 10 U.S.C. §§ 921 and 929 (1982), respectively.

Appellant contends that his guilty plea to the second burglary was improvident as to burglary, but provident only to the lesser included offense of housebreaking because there is no factual basis for the element of "breaking." Manual for Courts–Martial, United States, 1984 [hereinafter MCM, 1984] Part IV, para. 55b. Appellant requests sentence reduction because the maximum punishment for housebreaking is five years of confinement versus ten years for burglary. MCM, 1984, Part IV, paras. 55e, 56e.

On the night of 11 May 1988, appellant allegedly committed two separate burglaries in different buildings at Fort Gordon, Georgia. In the first offense, appellant approached a first floor room from the outside. He removed the screen, raised the venetian blinds, and entered through the window which was open behind the screen. The second offense occurred later that evening under similar but not exactly the same circumstances. This time appellant approached another first floor room. There was no screen to be removed. He pushed the closed venetian blinds out of the way and entered the room through an otherwise open window.

■ The law is clear that entry through an unobstructed open window or door will not constitute a "breaking" to support a charge of burglary. MCM, 1984, Part IV, para. 55c. The issue is whether pushing aside the venetian blinds in the window constitutes a "breaking" within the meaning of Article 129, UCMJ. We hold that it does in this case.

Although venetian blinds may not serve the same functional purpose as a closed window or door in restricting physical access, there is no need for this Court to determine that the venetian blinds were designed to provide such restriction. As noted in *United States v. Evans*, 415 F.2d 340, 342 (5th Cir.1969): "It is not necessary that splinters fly to have a breaking." *See also State v. Rosencrans*, 24 Wash.2d 775, 167 P.2d 170 (1946); *but see Cook v. State*, 63 Ga.App. 358, 11 S.E.2d 217 (1940). We find the victim's actions in closing the blinds in this case sufficient to have closed the window to public intrusion. This court holds that appellant's moving of the blinds to gain access was a "breaking" within the meaning of Article 129, UCMJ.[1]

The findings of guilty and the sentence are affirmed.

Senior Judge FOREMAN and Judge SMITH concur.

---

1. To hold otherwise would lead to the illogical result that items such as screens, designed to provide protection from mosquitoes, would provide greater legal protections to a victim than deliberate steps to prevent intrusion into personal living areas by closing the blinds. With such a complete closing, it becomes difficult to hold a window which is closed for the purpose of viewing to be really open for the purpose of physical intrusion.