## A08A1560. HOLT v. THE STATE.
### (667 SE2d 645)

ADAMS, Judge.

Earl Leonard Holt appeals his conviction of burglary. He contends the evidence was insufficient and that the court should have charged the jury on the lesser included offense of theft by taking.

Construed in favor of the verdict the evidence shows that on a clear sunny day, a witness saw Holt standing near a parking booth at a parking lot that was closed for Thanksgiving. The witness saw Holt

reach into the parking booth then go inside the parking booth and come out while stuffing something into his pocket. After Holt left, the witness saw that the booth door was cracked open and items inside had been moved around, which was different from normal. Holt was found later that day with numerous parking tickets, identified as belonging to the parking company, lying near him. A CD player was also found next to Holt, which later was identified as coming from inside the parking booth. The investigating officer also witnessed the disarray in the parking booth and saw parking tickets identical to those found near Holt. The booth owner testified about the damage to the booth, identified the parking tickets and their value, and identified the CD player. Finally, the booth had been secured using plexiglass and plastic covering that had been employed because of a prior break in.

1. A person commits the offense of burglary

> when, without authority and with the intent to commit a felony or theft therein, he enters or remains within the dwelling house of another or any building . . . , or other such structure designed for use as the dwelling of another or enters or remains within any other building . . . , or any room or any part thereof.

OCGA § 16-7-1 (a). Holt contends there was no evidence that the "plane" of the structure was broken. See generally *Meadows v. State*, 264 Ga. App. 160, 164 (3) (590 SE2d 173) (2003). But, clearly there was. The eyewitness saw Holt reach in and go in the booth and he was found with items that had previously been in the booth. Id. "Georgia law on burglary does not require a breaking, but requires proof of entry." *Mullinnix v. State*, 177 Ga. App. 168, 169 (338 SE2d 752) (1985).

Holt also contends the parking booth is not a building as required by OCGA § 16-7-1. But " 'Georgia's (burglary) statute is very broad and does not limit its application to buildings of any particular type or in any particular condition.' " (Footnote omitted.) *Garrett v. State*, 259 Ga. App. 870, 871 (1) (578 SE2d 460) (2003). "[T]he purpose of the shelter as a storage structure for valuable goods, its relevance to the business, and its inaccessibility to the public when the business is secured render the shelter a 'building' under the statute." (Footnote omitted.) Id. The parking booth falls within this category as a matter of law.[1] Compare *Redfern v. State*,

---

[1] See *Curlee v. Mock Enterprises*, 173 Ga. App. 594, 600 (4) (327 SE2d 736) (1985) ("Any question as to the proper construction to be given to a statute is for the court to determine

246 Ga. App. 572, 575 (540 SE2d 701) (2000) (TV tower not a building under the statute); *Smith v. State*, 226 Ga. App. 9, 10 (485 SE2d 572) (1997) (trial court's ruling that unfinished house was a "building" as contemplated by the burglary statute affirmed). The evidence was sufficient to support the verdict of burglary.

2. Holt also contends the trial court should have charged the jury on the lesser included offense of theft by taking. He argues that because there was an issue of fact as to whether the structure was a building, he could have been guilty of theft by taking instead of burglary. But despite the fact that the trial court submitted the issue to the jury, as we have held above, the question of whether a structure is a "building" under the statute is a matter of judicial construction. Because Holt either committed burglary or committed no crime at all, a charge on theft by taking was not required.

*Judgment affirmed. Smith, P. J., and Mikell, J., concur.*

DECIDED SEPTEMBER 2, 2008.

*Phillips & Roberts, Robert P. Phillips III, Amanda R. Roberts*, for appellant.

*Spencer Lawton, Jr., District Attorney, Christine S. Barker, Assistant District Attorney*, for appellee.

---

([cits.]) and application of a statute's terms to undisputed facts is a question of law. [Cits.]").
   [1] *Lenon v. State*, 290 Ga. App. 626 (1) (660 SE2d 16) (2008).