**FIFTH DIVISION**
**MERCIER, C. J.,**
**MCFADDEN, P. J., and RICKMAN, J.**

**NOTICE: Motions for reconsideration must be** *physically received* **in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**https://www.gaappeals.us/rules**

**March 14, 2024**

# In the Court of Appeals of Georgia

A24A0008. MASSEY v. THE STATE.

MCFADDEN, Presiding Judge.

After a jury trial, Kevin Centrell Massey was convicted of first-degree burglary, criminal attempt to commit a felony, and criminal trespass. He appeals the denial of his motion for new trial. His sole argument is that the evidence does not support his burglary conviction. We hold that a rational trier of fact could have found Massey guilty beyond a reasonable doubt of first-degree burglary. So we affirm.

1. *Evidence*

Viewed in the light most favorable to the judgment, see *Jackson v. Virginia*, 443 U. S. 307 (99 SCt 2781, 61 LE2d 560) (1979), the evidence shows that Massey lived with his mother until she obtained a protective order against him. About two months

later, while the mother was away from her house, she received a call from her alarm-system monitoring company informing her that there was a problem at her house. She asked the person with whom she spoke to call the police.

When law enforcement officers arrived at the house, an exterior door was open. The door frame, including the part of the door jamb where the latch connected to the frame, was damaged, and trim was lying on the floor of the kitchen, the room into which the door opened. The door appeared to have been kicked in. A few houses away, Massey was standing in the road.

Movement had triggered a security camera at the door, which sent video recordings to the mother's cellular telephone. The two short recordings played for the jury showed Massey standing inside the storm door, jiggling the door knob of the exterior door.

2. *Sufficiency of the evidence*

Massey argues that the evidence does not support his first-degree burglary conviction because the state presented no evidence that he entered his mother's house. See OCGA § 16-7-1 (b) ("A person commits the offense of burglary in the first degree when, without authority and with the intent to commit a felony or theft

therein, he or she enters or remains within an occupied, unoccupied, or vacant dwelling house of another. . . .").

For purposes of the burglary statute, "an unlawful entry occurs when a person breaks the plane of the structure. . . with the intent to commit a felony therein." *Meadows v. State*, 264 Ga. App. 160, 164 (3) (590 SE2d 173) (2003) (punctuation omitted). "Viewing the evidence in a light most favorable to the verdict, there was sufficient evidence from which a rational trier of fact could find beyond a reasonable doubt that [Massey] broke the plane of the structure with the intent to steal or with the intent to commit a felony therein." *Entwisle v. State*, 340 Ga. App. 122, 132 (3) (796 SE2d 743) (2017) (evidence that defendant "broke the glass on the door leading from the patio to the garage of [victim's] home, but the door was locked with a deadbolt and could not be opened without a key" supported burglary conviction) (citation and punctuation omitted). See also *Kent v. State*, 84 Ga. 438, 440 (11 SE 355) (1889) ("[A]n entry by turning a bolt, not made for the purpose of lawful business, nor within business hours, is an entry by breaking."); *Ford v. State*, 234 Ga. App. 301, 303 (1) (506 SE2d 668) (1998) ("although [defendant] contends that there was no evidence that he actually entered [victim's] apartment, the jury was authorized to find

that such entry occurred when [defendant] broke down the front door of the apartment").

*Judgment affirmed. Mercier, C. J., and Rickman, J., concur.*